State ex rel. Board of Regents v. Donald, 163 Wis. 145.

STATE EX REL. BOARD OF REGENTS OF NORMAL SCHOOLS VS. DONALD, Secretary of State.

*April 15—April 21, 1916.*

*Statutes: Amendment: Implied repeal: Appropriations: Legislative intention: How determined: Normal schools: Unexpended balances.*

1. The legislature can repeal a statute carrying an appropriation and thus put an end to the appropriation, so far as it is unexpended, at any time. If contracts are thereby breached the contractors must resort to other remedies; they cannot insist that the appropriation remains available simply because of an outstanding contract entered into on the faith of it.
2. As a general rule, where a statute rewrites a former statute and states that it "is amended so as to read as follows," all provisions in the original statute not found in the amending statute are repealed; but if it appear that the legislative intention was otherwise, such intention must prevail.
3. The legislative intention in such a case is to be determined from the nature and language of the amendment, from other acts passed at or about the same time, and from all the circumstances of the case.
4. The circumstances attending the enactment of ch. 633, Laws 1915, the fact that it expressly repeals certain other subsections of sec. 172—54, Stats. 1913, and the legislative history of the act show affirmatively that there was no intention, in amending sub. 30 of said section "so as to read," to repeal the appropriations made in 1913 by said subsection for the normal school at Whitewater.

MANDAMUS to the Secretary of State. *Peremptory writ issued.*

The facts are stated in the opinion.

For the relator there was a brief by *Sanborn & Blake,* and oral argument by *John B. Sanborn.*

The *Attorney General,* for the defendant.

The decision of the court, denying the motion to quash the alternative writ and directing issuance of the peremptory

writ, was announced April 21, 1916, and the following opinion was filed May 2, 1916:

WINSLOW, C. J.    This is a *mandamus* action brought originally in this court to compel the secretary of state to audit certain bills incurred by the *Normal School Regents* for the building of a gymnasium at the Whitewater normal school.    The question presented on the motion to quash the alternative writ is whether sub. 30 of sec. 172—54, Stats. 1913, was repealed by ch. 633 of the Laws of 1915.    Sub. 30 aforesaid reads as follows:

"30.  There is appropriated on July 1, 1913, four thousand dollars, and on July 1, 1914, four thousand dollars, and on March 1, 1915, fifty thousand dollars, payable from any moneys in the normal fund income not otherwise appropriated, to the board of normal regents for educational apparatus, furniture and furnishings, library books, for a gymnasium and equipment, for land improvements and for other permanent property and improvements at the normal school at Whitewater."    (1913)

By ch. 633 of the Laws of 1915, approved August 24th and published August 27th of that year, this subsection is "amended to read:"

"30.  There is appropriated on July 1, * * * *1915,* * * * *nine* thousand *seven hundred seventy-five* dollars and on July 1, *1916,* four thousand *four hundred seventy-five* dollars, * * * payable from any moneys in the normal fund income not otherwise appropriated to the * * * *state board of education* for * * * permanent property and improvements at the normal school at Whitewater.    *Of the first appropriation, three thousand one hundred dollars shall be available only for purchase of land.*"    (1915)

It appears by the petition for the writ that prior to December 31, 1914, the *Board of Normal School Regents,* with the approval of the governor, contracted for the excavation and concrete work for a gymnasium at the Whitewater school, which work was fully completed prior to July 1, 1915, and

the sum of $7,118 paid therefor in addition to architects' fees amounting to $1,544, said sums being paid out of the appropriations made by said sub. 30; also that thereafter the regents entered into contracts aggregating $37,067 for the completion of said gymnasium, which contracts were approved by the governor August 14, 1915, and were entered into on the basis of the availability therefor of the moneys appropriated by said sub. 30, there being an unexpended balance in said appropriation on July 1, 1915, of $45,437.89; that the bills in question here are certain bills amounting to $4,156.84 for a portion of the work of construction of said gymnasium under the last-named contracts, and that there are sufficient funds in said appropriation to discharge the same unless said appropriation was repealed by force of the amendment thereof by the rewriting of sub. 30 aforesaid by ch. 633 of the Laws of 1915.

Undoubtedly the legislature can repeal a statute carrying an appropriation and thus put an end to the appropriation, so far as it is unexpended, at any time. If contracts are thereby breached the contractors must resort to other remedies; they cannot insist that the appropriation remains available simply because of an outstanding contract entered into on the faith of it.

Undoubtedly, also, the general rule of construction is that, where a statute rewrites a former statute and states that the same "is amended so as to read as follows," all provisions in the original statute not found in the amending statute are repealed. *Ashland W. Co. v. Ashland Co.* 87 Wis. 209, 58 N. W. 235, and cases cited.

This is because the inference is necessarily strong that such was the legislative intention. The rule, however, is not iron-clad. The idea of all such rules is to carry out the legislative intention, and if it appear that the legislative intention was otherwise the rule must go and the intention prevail. The rule is not sacred, but the intention is. The intention

"is to be determined from the nature and language of the amendment, from other acts passed at or about the same time, and from all the circumstances of the case." *Bank of Metropolis v. Faber,* 150 N. Y. 200, 44 N. E. 779.

Under the circumstances before us in the present case we think it quite certain that the amendment of 1915 shows no intention to repeal or revoke the unexpended balances of the appropriations carried by the original sub. 30, but rather the reverse. These circumstances will be briefly stated.

By ch. 758, Laws 1913, an attempt was made to bring together in logical order the fundamental provisions of law governing all the appropriations for the normal schools, the university, and the mining trade school, and in the volume of the statutes for the same year the attempt was first made to bring together all of the appropriation statutes into one coherent chapter numbered ch. 12*m*. Prior to this the appropriation statutes had been scattered through session laws and statutes without order or system. In this new chapter the provisions of ch. 758 aforesaid relating to normal school appropriations were embraced in sec. 172—54, which was subdivided into thirty-eight subsections. Of these subsections those numbered from 6 to 13 inclusive carried annual appropriations to each of the eight normal schools of the state for operating expenses; those numbered from 14 to 30 inclusive carried appropriations in varying sums for purchase of property real and personal, for permanent improvements, repairs, and maintenance. These last-named sections were not annual appropriations, but were all appropriations of a certain sum on July 1, 1913, and another certain sum on July 1, 1914, while some (as in the subsection before us) carried another certain sum on March 1, 1915. None of them, therefore, were lapsable appropriations under the rules of construction laid down in sec. 172—130, Stats. 1913.

The effort to bring together into one coherent chapter all the appropriation statutes is worthy of notice because it tends

to explain why the appropriations of 1915 were made in the form in which we find them. If the future biennial volumes of the statutes were to contain this chapter, the future appropriation laws must naturally take the form of amendments to the sections thereof, and so we find that the general appropriation act for the normal schools for 1915 (ch. 633, Laws 1915) consists of sections repealing certain subsections of sec. 172—54, Stats. 1913, and other sections amending certain of said subsections. Here also is a very significant fact. Ch. 633 opens with a section repealing in express terms sub. 14 to 21 inclusive and sub. 36 of sec. 172—54. Thus it is absolutely certain that the legislature had the subject of repeal in mind and that they used direct language appropriate to the purpose with regard to subsections last named. It would seem natural, therefore, that, if they intended to repeal any other sections, they would have adopted the same direct and unmistakable method.

The legislative history of the act, however, is quite conclusive on the subject of intention. The bill was introduced in the Assembly on August 2, 1915, by the joint finance committee. It was then in the same shape, so far as the features under consideration are concerned, as it was when finally passed. The entire subject had been given exhaustive and minute consideration by the committee, in the course of which there had been prepared for its use tables, or so-called "working sheets," showing the appropriations for the various normal schools made by the legislature of 1913, the unexpended balance in the fund of each school on July 1, 1915, the amounts carried by the bill, and (most significant of all) the aggregate sum of the unexpended balance and the proposed appropriation for the two years carried out in the last column under the heading "Totals for the biennium 1915–1917." In the case of the Whitewater normal school the unexpended balance of its capital fund is given in this table as $45,437.89, the appropriation for 1916 as $9,775, for 1917

as $4,475, making a total under the last heading of $59,687.89. These tables accompanied and explained the bill and formed in effect the report of the committee.

This really forbids the idea that there was any legislative intention of forfeiting or repealing the unexpended appropriations which existed July 1, 1915. Other appropriation bills of a similar character and introduced at about the same time had a like history. In all of them there were direct repealing clauses as to certain sections, and in certain cases of direct repeal there were saving clauses providing for the payment of claims lawfully incurred prior to the passage of the repealing act.

It does not seem necessary to go further. We conclude not merely that the intention to forfeit the unexpended balances does not appear, but that the contrary intention affirmatively appears.

The facts concerning the appropriations for the other normal schools are of the same nature as those herein set forth concerning the appropriations for the Whitewater school, and the same conclusions are reached.

*By the Court.*—The motion to quash the alternative writ is denied, and it is adjudged that the peremptory writ of *mandamus* issue as prayed in the complaint. No costs are awarded.