(No. 24406

THE PEOPLE *ex rel.* Jane Wheeler Schimpff, Appellee, *vs.* BOYD E. NORVELL, *et al.* Appellants.

*Opinion filed February 16, 1938—Rehearing denied April 6, 1938.*

STONE, J., took no part.

MICHAEL A. SHORE, and FRED W. POTTER, JR., for appellants.

CHESTER F. BARNETT, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The circuit court of Peoria county awarded a writ of *mandamus* directing the appellant Boyd E. Norvell, as commissioner of buildings of the city of Peoria, to issue a building permit for the erection of a single-family dwelling on the lot hereinafter described. The commissioner and the city of Peoria, by this appeal, seek to reverse that order, contending that the zoning ordinance of Peoria is such as to prevent the erection of this particular house, and that the ordinance is valid as a reasonable exercise of the police power.

The appellee owns a lot in Peoria extending 440 feet on Saratoga street and 180 feet, each, on Moss avenue and Seventh street. It is her plan to eventually erect ten single-family dwelling houses on this property and for that purpose she has provided a strip of land for a private entrance way from Moss avenue parallel to Saratoga street, to be known as Moss Avenue Terrace. The plan is shown in the record by a drawing and a blue-print, but no official plat has ever been made or recorded. The tract on which the dwelling house in question is to be erected is 80 by 64 feet in size, facing on Moss Avenue Terrace, and contains 5120 square feet, or more than the 5000-square-foot minimum provided by the zoning ordinance. The building permit was refused solely because the tract upon which it was to be erected did not have its principal frontage upon a "street or officially approved place," as provided by the zoning ordinance. The application for the permit gave a correct legal description, by metes and bounds, of the tract to be used.

The plan submitted to the commissioner of buildings complied in all ways with the requirements of the zoning

ordinance as to width and depth of lot, front yard, back yard and purposes for which the building is to be used. The question before us is the narrow one of whether or not any valid restriction has been placed on the appellee's right to use her property in this way, and, if so, whether such restriction is sustainable under the police power.

There is no rule of law which forbids the subdivision of land by its owner in such a way as to establish over it only private ways for the sole benefit of those who may become owners of lots in the tract, and in which the public, as such, will have no interest and over which it will have no control. (*City of Chicago* v. *Chicago, Burlington and Quincy Railroad Co.* 319 Ill. 351; *City of Chicago* v. *Drexel,* 141 id. 89.) The privilege of a citizen to use his property according to his own will is not only a liberty but a property right, subject only to such restraints as the common welfare may require, and while new burdens may be placed on the property when the public welfare demands it, this power is limited to enactments having direct reference to the public health, comfort, safety, morals and welfare. (*Catholic Bishop* v. *Village of Palos Park,* 286 Ill. 400.) Zoning ordinances, to be valid, must be based upon this police power. *Erlich* v. *Village of Wilmette,* 361 Ill. 213; *People* v. *City of Rockford,* 363 id. 531; *Kennedy* v. *City of Evanston,* 348 id. 426.

There is one objection to the section of the ordinance which we are considering which makes it unnecessary to consider other sections thereof or other objections thereto. Any ordinance which invests arbitrary power in a public official which may be used in the interests of some to the exclusion of others is unreasonable and void. (*Cicero Lumber Co.* v. *Town of Cicero,* 176 Ill. 9; *City of Chicago* v. *Trotter,* 136 id. 430.) The ordinance before us prescribes no conditions or terms upon which the commissioner of buildings is to determine what shall be an "officially approved place." In this respect his action is neither con-

trolled, limited nor guided by any rules, definitions or requirements in the ordinance. So far as that enactment is concerned he is left free to approve a private way proposed by one citizen while disapproving a similar one for some one else. For this one reason, without considering or passing upon any other objections, it is necessary to hold that the circuit court of Peoria county reached a correct conclusion, and its judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE STONE took no part in this decision.