STATE OF IOWA ex rel. DR. WALTER L. BIERRING, Commissioner of Public Health, Appellant, v. CLYDE S. SWEARINGEN, Appellee.

No. 46835.

MAY 7, 1946.

REHEARING DENIED SEPTEMBER 23, 1946.

John M. Rankin, Attorney General, Robert L. Larson, Assistant Attorney General, and F. E. Van Alstine, County Attorney, for appellant.

Omer B. Fuller, of Rolfe, and Shaw & Shaw, of Pocahontas, for appellee.

HALE, J.— ■ Plaintiff in his petition alleges that Clyde S. Swearingen had been and was at the time of filing the petition engaged in the practice of barbering in this state without a license; that he had failed to apply for a renewal of his license prior to June 1, 1943; that he had failed to apply for and receive a reinstatement of his license as by law provided; that his license was not renewed on June 30, 1943, and that he has had no license since that time and he is not now properly

licensed to practice barbering in this state but is illegally engaged in the practice of barbering without such license in a shop owned and operated by him at Rolfe, Iowa.

In answer to plaintiff's petition defendant admits that he was practicing without a license, but states that he has had no hearing or notice of hearing to revoke, invalidate, or refuse the issuance or renewal of his license, which is a property right. He further alleges that he applied for a renewal of his license about ten days late but had been unjustly refused the renewal; that he had tendered all fees and done all things required of him preliminary to the issuance or renewal of such license; that pursuant to section 2526 of the Code of Iowa, the department of health adopted a circular of information in connection with the practice of barbering, which indicated that the renewal fee might be paid at any time prior to July 1st, and that the common custom of the department was to accept these fees at any time before July 1st; that the failure to renew the license is not the fault of the defendant but is an unwarranted and arbitrary refusal of the department, and by way of cross-petition defendant asks for affirmative relief and that a writ of mandamus be granted requiring the plaintiff to issue a renewal of his license to practice the trade of barbering in the state of Iowa, and for general equitable relief.

At the conclusion of the hearing the district court dismissed plaintiff's petition and denied the injunction and ordered the Division of Barbering, State Department of Health, to issue and deliver to the defendant a renewal of his license upon payment of the required fee of $9.

On trial the testimony was mostly uncontradicted. Defendant had been a practicing barber at the time the license law was passed, and afterward operated as a barber and was issued a certificate, No. 5982, without examination.

Defendant was committed for the third time to the State Hospital at Cherokee, Iowa, as an inebriate, and was an inmate thereof in May and June 1943. Five days after such admission he was employed at barbering in the hospital, mostly shaving, and continued at such work nearly every day during his stay.

At the time of filing defendant's brief in this appeal he was still on parole from the hospital. On or about the 10th day of June 1943, he applied through the superintendent of such hospital to the department of health for a renewal of his certificate; such renewal was refused and the fee sent with it returned; other like applications made by the defendant were refused by the department; no application was ever filed by the defendant with the board of examiners for reinstatement of his license. Defendant alleges and there is evidence that the defendant never received a notice of the expiration of his license, under section 2447, Code of Iowa, 1939.

Upon being granted a parole from the Cherokee hospital defendant reopened his shop at Rolfe and has engaged in barbering there ever since, without a renewal or reinstated license, and now refuses to apply for a reinstatement of his license. No action has been commenced to revoke his license and no notice of hearing was given the defendant by the department when refusing to renew his license on June 10, 1943. Notwithstanding the statement of defendant that he had not received his notice of expiration the department alleges that such notice was mailed as by law provided.

Plaintiff in its appeal urges that the district court, in its opinion filed with the decree, erred by failing to consider one of the conditions necessary to obtain the right to a renewal of the license, namely, the condition of a timely application; that even though the application was not timely the court held that the licensee was entitled to a notice of hearing before a renewal could be denied by the department of health.

The main point of controversy in this proceeding centers around the question of the right of the department of health to deny the renewal because the application was filed on or about June 10th instead of prior to June 1st, and the renewal was so denied without a hearing on notice.

Under the provisions of Code section 2439 a license is necessary before engaging in the practice of barbering, and in the following section, 2440, the qualifications for obtaining such license are given. Sections 2450, 2451, and 2452 provide for an examining board.

An annual renewal, with a charge therefor of $3, is provided in section 2447, Code 1939, as follows:

"Every license to practice a profession shall expire on the thirtieth day of June following the date of issuance of such license, and shall be renewed annually upon application by the licensee, without examination. Application for such renewal shall be made in writing to the department accompanied by the legal fee at least thirty days prior to the expiration of such license. Every renewal shall be displayed in connection with the original license. Every year the department shall notify each licensee by mail of the expiration of his license. This section and section 2448 shall not apply to dentists and dental hygienists."

In event of licensee permitting his license to lapse, Code section 2448 determines the method of reinstatement, as follows:

"Any licensee who allows his license to lapse by failing to renew the same, as provided in section 2447, may be reinstated without examination upon recommendation of the examining board for his profession and upon payment of the renewal fees then due."

The Code, by section 2492, provides that a license to practice a profession shall be revoked or suspended whenever the licensee is guilty of the various acts or offenses as listed in such section.

An action for revocation is begun by the attorney general filing a petition for the revocation or suspension of a license in the office of the clerk of the district court having jurisdiction. This petition is filed by direction of the department of health, either on its own motion or upon sworn information of some person who resides in the county wherein the licensee practices. Code section 2497. The rules for such filing are given in sections 2498 and 2499.

Section 2500 provides for the time and place of trial, and section 2501 provides that:

"Notice of the filing of such petition and of the time and place of hearing shall be served upon the licensee at least ten

days before said hearing in the manner required for the service of notice of the commencement of an ordinary action.''

The cause is tried as an equity action (section 2502), and section 2503 provides as follows:

''Judgment of revocation or suspension of the license shall be entered of record and the licensee shall not engage in the practice of his profession after his license is revoked or during the time for which it is suspended. The clerk of the court shall, upon the entry of such judgment, forthwith furnish the state department of health with a certified copy thereof.''

From this action, as provided in the following sections, an appeal may be taken to this court. Thus it will be seen that in the event it is deemed advisable the right or license of any licensee engaged in the practice of barbering may be revoked when there are apparently grounds therefor. The complete method therefor is provided by the Code provisions just quoted or referred to. There is given to the licensee, before being deprived of all the rights under his license, an opportunity for a full and complete hearing on due notice.

It is provided by section 2519 that a person engaged in any business or in the practice of any profession for which a license is required by this title, without such license, may be restrained by permanent injunction.

In this case the application for a permanent injunction was denied by the district court, the court holding that a permanent injunction was not justified either under the law or facts. It stated that there were lacking (1) failure on the part of the plaintiff to give notice to the defendant and an opportunity to him for a hearing (2) failure of the plaintiff to show that the defendant is ''without such license'' as the term is used and intended in section 2519 of the Code and (3) the plaintiff failed to prove sufficient facts to justify an injunction. The court, in its opinion, held that when the term ''without a license'' was used, the reference was to the original license, basing its opinion largely on the holding of this court in the case of Gilchrist v. Bierring, 234 Iowa 899,

14 N. W. 2d 724, and State v. Otterholt, 234 Iowa 1286, 15 N. W. 2d 529.

I. We do not think it necessary to determine the correctness of the court's opinion in regard to the second ground thereof, so far as the issues here are concerned. The case can be decided without determining whether or not the statute refers to the original license or the renewal, but as to the district court's ground one we agree. Under the holdings in the cases of Gilchrist v. Bierring, supra, and Craven v. Bierring, 222 Iowa 613, 619, 269 N. W. 801, 805, the board, before denying the licensee a renewal of his license, must give him notice and an opportunity to be heard. The former case states, at page 915 of 234 Iowa, page 732 of 14 N. W. 2d:

"If he has violated the canons of his profession he may be denied the right to continue therein, either by a revocation of his current license or by a refusal to renew it. But, in either event, the determination that his conduct renders him unworthy to continue in the practice constitutes the exercise of a judicial function which requires notice and an opportunity to be heard."

The rule laid down in that case is, in turn, approved in the Otterholt case, at page 1290 of 234 Iowa, page 531 of 15 N. W. 2d, wherein we say that the license "is a privilege or right, 'which cannot be denied or abridged in any manner except after due notice and a fair and impartial hearing before an unbiased tribunal.' " The Otterholt opinion cites and approves the case of Craven v. Bierring, supra.

In the present case no claim is made, nor does the record show any assertion, that the defendant was unfit to receive a renewal. There are intimations, but no direct charge of any kind, that defendant had violated some of the grounds necessary to a revocation under Code section 2492, which sets out ten specific grounds for which a license may be revoked. The only complaint in the present action is that defendant failed to file his application for renewal, with fee, before June 1, 1943. The original certificate did not lapse before June 30th, so that the application and fee were ten days late and were returned to the applicant with no allegations that there were

any other reasons for a denial of the application. If there were other reasons for refusal, the applicant licensee was entitled to know them by proper notice so that he might have an opportunity to defend or explain them. He was entitled to a complete statement of the charges which he might meet. Whether his explanation or defense would be sufficient is not here material, but, at any rate, charges against the licensee are not to be determined without a hearing. The record shows that the board of examiners, on November 5, 1943, refused to recommend a reinstatement of his license under the provisions of Code section 2448, so that if we should adopt the contention of the State, defendant would be compelled to submit to an examination by the board which has already disapproved his application for reinstatement. This situation amounts to an indirect attempt to deprive the licensee of the benefits of his right to practice without affording him the right to defend, and it avoids a direct proceeding for revocation. If there are reasons for revocation or denial of a renewal they can be presented in an action for revocation or by refusal of renewal by due process of law. If there are not sufficient grounds, then the method pursued in this case would be subject to criticism as an attempt to do indirectly what could not be accomplished by direct means.

██ II. The court held that under the facts an injunction should not be granted. With this conclusion we agree. The relief sought by the petition for injunction was substantially that which could be accomplished by a proceeding for revocation, but was based only on the ten-days' delay in transmitting the application for renewal. There still remained twenty days before defendant's license expired. This was ample time in which to grant or refuse a renewal. The record, however, shows that there had been frequent instances where strict compliance with the time provision had been waived. We are convinced from a reading of the two sections, 2447 and 2448, that the time provision for renewal in the former section is directory only and not mandatory. The fact that the department had not, in all cases, required strict compliance with this provision indicates that the department had so interpreted the statute. Such interpretation is, of course, not binding upon

us, but is, to some extent, persuasive. According to the record, no reason, except delay, stood in the way of a renewal. The department could have granted such renewal without examination. To refuse would hardly be the exercise of a sound legal discretion. The thought would naturally occur that there might be other reasons existing in the minds of the board rather than the mere question of delay. If there were such other reasons for refusal the defendant and the court were entitled to know them and the defendant be given an opportunity to resist. The effect of a refusal to renew was a denial of defendant's right to practice, and, so far as his practicing his occupation was concerned, had the same effect as a revocation.

We have referred to the grounds set out in section 2492. None of these grounds is alleged in the petition nor does that section anywhere mention delay as such ground. Under the facts shown by the evidence we must hold that the court was right in refusing a permanent injunction.

If the defendant is an improper person to be pursuing his occupation it is the right of plaintiff to bring an action for revocation, with due notice and opportunity to defend. See Smith v. State Board of Medical Examiners, 140 Iowa 66, 70, 117 N. W. 1116, 1117, and cases cited, and Gilchrist v. Bierring, supra, 234 Iowa 899, 916, 14 N. W. 2d 724, and cases cited.

The defendant has been denied the right of renewal only on account of delay. There were no issues in the present action involving a revocation or the right to revoke. No proof of such was offered. We know of no reason why the question of defendant's right to a license, or a renewal of his license, could not be determined and granted or denied under the statutory method. We must hold that on the showing made in this proceeding the extraordinary proceeding of injunction is not available, and so far as the ruling thereon by the district court is concerned, the same is affirmed.

The defendant, in Division II of his answer and by way of cross-petition, asks that a writ of mandamus issue to compel plaintiff to issue a license or renewal of his license. Since the effect of our ruling herein is to hold that the denial of a renewal without due process of law was erroneous, we think that

the issuance of a writ of mandamus would be a mere formality and there is no necessity therefor, and the decree is modified to that extent. In other respects it is affirmed.—Modified and affirmed.

MILLER, J., concurs.

MULRONEY, J., and BLISS, C. J., and OLIVER, GARFIELD, SMITH, and MANTZ, JJ., specially concur.

WENNERSTRUM, J., not sitting.

MULRONEY, J. (specially concurring)—█ I concur in the affirmance of this case but I would give consideration to the rules and regulations governing the practice of barbering.

The license to practice barbering is issued by the Commissioner of the State Department of Health. Section 2442, Code of 1939. That department is charged with the duty of establishing "the necessary rules and forms for carrying out the duties imposed upon it * * *." Section 2525, Code of 1939. And it is also charged with the duty of having such rules "printed in pamphlet form for each profession the following matter which is pertinent to the particular profession for which said pamphlet is published: * * * 2. The rules of the department relative to licenses." Section 2526, Code of 1939.

Pursuant to the direction of the above statutes, the Iowa State Department of Health adopted certain rules and regulations, effective June 1, 1941, and a pamphlet containing such rules and regulations, printed by the State of Iowa, was published by the State Department of Health. The pamphlet contains the certificate of Walter L. Bierring, M.D., Commissioner, Iowa State Department of Health, to the effect that said rules and regulations were adopted by the Iowa State Department of Health on May 1, 1941, to be effective June 1, 1941.

In the pamphlet, on page 11, sections 2447 and 2448 of the Code of 1939 (quoted in the majority opinion) are set out, but they are each followed by the following notes:

"Note. The annual renewal fee is $3. The Department will send the notice for the renewal· license to the latest address as filed in the department. If any barber fails to receive a notice for the renewal of his license by June 1st of any year

he should forward three dollars to the department with a statement that it is for the renewal of his license. He should also give his latest address.

"Note. Any barber who does not pay his renewal fee before July 1st of each year is considered lapsed, and he cannot be reinstated without the approval of the Board of Examiners. We urge, for your own protection, that all renewals be paid prior to the above date."

This would seem to be a departmental interpretation that the statutory directive, contained in section 2447, that an application for renewal shall be made thirty days prior to July 1st is directory only and not mandatory. In any event it is a direction to renewal applicants that under section 2448 the department will issue a renewal license to applicants who pay before July 1st.

Since the defendant here sent his fee to the department on June 10th he was entitled, under the plaintiff's rules and regulations, to the renewal.

Defendant in his brief and argument sets forth the foregoing rules and regulations. Plaintiff in his reply brief and in oral argument contended the rules were not introduced in evidence and therefore no reference can be made to them. There is no denial of the rules and regulations; no argument that they were not in force at the time defendant made his renewal application in 1943; and no contention that they have ever been amended by the department that published them. They are the rules and regulations of an important state department adopted pursuant to statutory authority and direction. I feel that judicial notice should be taken of them by this court. 31 C. J. S. 599, section 39; Jones v. Anderson Cotton Mills, 205 S. C. 247, 31 S. E. 2d 447; Werner v. Hearst Publications, 65 Cal. App. 2d 667, 151 P. 2d 308; Campbell v. Fong Wan, 60 Cal. App. 2d 553, 141 P. 2d 43. I would hold that consideration should be given to these rules without their introduction in evidence.

In view of the foregoing, I would affirm.

BLISS, C. J., and OLIVER, GARFIELD, SMITH, and MANTZ, JJ., join in this special concurrence.