STATE OF IOWA, appellant, v. CALVIN GARLAND, appellee.

No. 49565.

(Reported in 94 N.W.2d 122)

Norman A. Erbe, Attorney General, and Richard J. Brinkman, Assistant Attorney General, for appellant.

Funaro & Iverson, of Des Moines, for appellee.

GARFIELD, J.—The question presented is whether it was a criminal offense for an individual taxpayer with a *gross* income of $3000 or over to fail to make state income tax return for 1955. The trial court held it was not and we are agreed his decision is right.

March 24, 1958, defendant was indicted for failure to make a state income tax return for 1955. The indictment alleges it was his duty to make a return because his gross income for the year was over $3000. Defendant demurred to the indictment on the grounds it does not substantially conform to the requirements of the Code and contains matter which, if true, would constitute a legal defense or bar to the prosecution. (See section 777.2, Code, 1958.) The court sustained the demurrer, dismissed the indictment and discharged defendant. The State has appealed.

Section 422.13, subsection 4, in chapter 422, Code, 1954,

upon which this indictment is based, read: "* * * every individual having a gross income of three thousand dollars a year or over, shall file a return."

Section 422.25, subsection 8, of the same Code, as amended, provides that any person required to make a return who fails to do so, with intent to defeat or evade the assessment required by law to be made, shall upon conviction be punished by imprisonment in the county jail for not more than one year or in the penitentiary for not more than five years, or by a fine not exceeding $5000, or both.

Chapter 208, Laws of the Fifty-sixth General Assembly, approved April 15, 1955, effective April 20, 1955, is entitled "An Act to amend chapter four hundred twenty-two (422), Code 1954, relating to personal income taxes, and income taxes on corporations." Section 12 of this chapter 208 provides: "Section four hundred twenty-two point thirteen (422.13), subsection four (4), Code 1954, is amended to read as follows: 'A nonresident taxpayer shall file a copy of his federal income tax return for the current tax year with the return required by this section.' "

Section 422.13, subsection 4, Code, 1954, is the provision heretofore quoted. Provisions of section 422.13 other than subsection 4 require returns by individuals based on net, not gross, income. Thus even though section 12, chapter 208, may have repealed section 422.13, subsection 4, as defendant contends, section 422.13 requires returns to be filed based on net income.

Chapter 45, Laws of the Fifty-sixth General Assembly, approved April 29, 1955, effective May 12, 1955, is entitled "An Act to provide temporary amendments to chapters four hundred twenty-two (422) and four hundred twenty-three (423), Code 1954, relating to income, sales and use taxes * * *." Section 2 of this chapter 45 provides: "Section four hundred twenty-two point thirteen (422.13), Code 1954, is hereby amended as follows: * * * Subsection four (4) is amended by striking the words 'three thousand' in line two (2) and inserting in lieu thereof the words 'twenty-five hundred'."

Thus the Fifty-sixth General Assembly by section 2, chapter 45, purported to lower the gross income requirement of Code section 422.13, subsection 4, from $3000 to $2500.

Defendant's demurrer to the indictment is bottomed on two main contentions. As previously indicated, it is contended Code section 422.13, subsection 4, was repealed by section 12, chapter 208, Fifty-sixth General Assembly, which says the subsection "is amended to read as follows" and does not require a tax return based on gross income of $3000 or other amount. Defendant also contends that even if Code section 422.13, subsection 4, should be held technically not repealed by section 12, chapter 208, any statutory requirement of a return based on gross income is left in such doubt and uncertainty as to be insufficient basis for a criminal prosecution involving a felony.

The State frankly concedes it is well known that normally a provision in an amendatory Act that a previous law "is amended to read as follows" effects a repeal of language in the law which is not repeated in the amendment. But it is argued this result does not follow here because, it is said, section 2, chapter 45, Fifty-sixth General Assembly, shows a legislative intent to continue Code section 422.13, subsection 4, in effect, with the change made by said section 2. The State conceded in oral argument that if it were not for this section 2, chapter 45, Code section 422.13, subsection 4, upon which the prosecution is based, would be repealed by section 12, chapter 208 (the first amendment). The State has virtually ignored the second contention heretofore referred to upon which the demurrer is based.

I. There can be no doubt, as the State concedes, it is the general rule where a statute rewrites a former statute and states it "is amended to read as follows" all provisions in the original law not found in the amending Act are repealed. Miner v. Stafford, 326 Ill. 204, 157 N.E. 164, 165; Martinka v. Hoffmann, 214 Minn. 346, 9 N.W.2d 13, 16; Randall v. Bailey, 288 N. Y. 280, 43 N.E.2d 43, 47; Federal Deposit Ins. Corp. v. Levorsen, 73 N. D. 118, 11 N.W.2d 448, 451; State ex rel. Board of Regents v. Donald, 163 Wis. 145, 157 N.W. 782, 783; 50 Am. Jur., Statutes, section 552; 82 C. J. S., Statutes, section 294 ("An amendatory act which provides that the original statute shall be amended 'so as to read as follows,' * * * becomes a substitute for the original; * * *. So much of the [original] act as is omitted is repealed; * * *.") See also Boyd v. Smyth, 200 Iowa 687, 690, 205 N.W. 522, 43 A. L. R. 1381.

432

■ But, the State argues, the rule referred to is not iron-clad and will not be applied in all instances. Some decisions contain language to this effect. State ex rel. Board of Regents v. Donald, supra (at page 147 of 163 Wis., page 784 of 157 N.W.) ; Bank of the Metropolis v. Faber, 150 N. Y. 200, 44 N.E. 779, 780, 781. So much of the argument may be accepted. However, we think this is a proper case for application of the general rule. It will be noticed that none of the original subsection 4 is repeated in the first amendatory Act.

It follows from the State's concession first above referred to that when section 12, chapter 208, Fifty-sixth General Assembly, took effect, subsection 4 of Code section 422.13 was then repealed. If it later became effective it is because section 2, chapter 45, revived it. An important tax requirement, violation of which amounts to a felony, should not rest upon such uncertain and conflicting statutory footing.

Although the original subsection 4 required the filing of a return and did not, strictly speaking, impose a tax, it is perhaps pertinent to observe that Article VII, section 7, of our State Constitution provides: "Every law which imposes, continues, or revives a tax, shall distinctly state the tax, * * * and it shall not be sufficient to refer to any other law to fix such tax * * *."

■ II. The statutes, as the State seeks to enforce them here, are penal in nature and the maximum penalty is rather severe. It is well settled that penal statutes are strictly construed, and doubts, if any, resolved in favor of the individual. State v. Di Paglia, 247 Iowa 79, 90, 71 N.W.2d 601, 607, 49 A. L. R.2d 1223, and citations; Lever Brothers Co. v. Erbe, 249 Iowa 454, 467, 87 N.W.2d 469, 478.

■■ The Lever Brothers Co. case, supra (at page 467 of 249 Iowa, page 478 of 87 N.W.2d), and State v. Coppes, 247 Iowa 1057, 1061, 1062, 78 N.W.2d 10, 13, 14, approve established rules which may be repeated here:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a

statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. [Citation.]

"* * * The legislature * * * must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have an understandable rule of conduct and know what acts it is his duty to avoid. * * * It is axiomatic that statutes creating and defining crimes cannot be extended by intendment. Purely statutory offenses cannot be established by implication * * *."

See also other authorities cited in the Lever Brothers opinion. If the legislature had the intent the State contends for, it is not too much to ask that it give expression thereto more clearly than it has done.

III. The conclusion that at best it is a matter of grave doubt whether the original subsection 4, with or without the change attempted by section 2, chapter 45, of the Fifty-sixth General Assembly, remained in effect after section 12, chapter 208, took effect is indicated by the construction placed on this legislation by the attorney general, the state tax commission and the Code editor. The attorney general and the commission have important duties in the enforcement of the income tax laws.

On June 30, 1955, the then attorney general gave the then director of the income tax division of the state tax commission a formal opinion quite inconsistent with the position the State takes here. The opinion concludes: "It would appear that H. F. 522 attempts to amend the original version of Section 422.13(4), but that in view of the complete change of that subsection accomplished by H. F. 225 and effective prior to April 25, 1955, the amendment of H. F. 522 is of no effect." See 1956 Report of the Attorney General, page 68.

H. F. (House File) 522 became chapter 45, Laws of the Fifty-sixth General Assembly, containing section 2 upon which the State relies, and H. F. 225 became chapter 208, laws of that session, containing section 12 upon which defendant relies.

The Rules and Regulations issued by the tax commission for 1955, containing the income tax law as amended through that

year and the commission's regulations pertaining thereto, issued pursuant to chapter 422, Code 1954, at page 11, quote section 422.13, subsection 4, upon which this prosecution is based, just as it was changed by section 12, chapter 208, Laws Fifty-sixth General Assembly: "4. A nonresident taxpayer shall file a copy of his federal income tax return for the current year with the return required by this section." This is followed by the history of the law, the last item of which is "56 GA, ch 208, §§ 11, 12."

Further, the commission's regulation 22.13-1 at pages 55, 56 of the same state publication lists the individual taxpayers required to file returns as those whose *taxable* incomes exceed the minimum sums and does not refer to any such requirement based on gross income. This is also true of the instructions on the forms for individual income tax returns issued by the tax commission for 1955 and 1956, under the heading "Who Must File."

In the 1958 Code the editor quotes section 422.13, subsection 4, just as it was changed by section 12, chapter 208, Fifty-sixth General Assembly, followed by the same history of the law found in the published regulations of the tax commission. The cumulative pocket supplement for use during 1958-59 (page 11) to Volume 23, Iowa Code Annotated, published by West Publishing Company, sets out subsection 4 in the same way. The explanations that follow section 422.13 in this supplement (page 12) summarize the concluding statement in the attorney general's opinion previously quoted.

■ We have no doubt it is proper for us to take judicial notice of the matters to which we refer in this division. State ex rel. Bierring v. Swearingen, 237 Iowa 1031, 1041, 22 N.W.2d 809, 814, and citations; Kraetsch v. Stull, 238 Iowa 944, 952, 29 N.W.2d 341, 345; Banks v. Carrell, 241 Iowa 786, 791, 792, 43 N.W.2d 142, 145; Keyser v. Allen, 149 Neb. 449, 31 N.W.2d 309, 312; 20 Am. Jur., Evidence, section 44, page 68; 31 C. J. S., Evidence, section 39. The State does not challenge any of these matters but ignores them.

Of course an opinion of the attorney general and regulations of the tax commission are not binding upon us. It is our duty to place the proper interpretation on the statutes considered. But the matters to which we refer in this division are

entitled to our respectful consideration. City of Nevada v. Slemmons, 244 Iowa 1068, 1071, 59 N.W.2d 793, 794, 43 A. L. R.2d 693; Lever Brothers Co. v. Erbe, supra, 249 Iowa 454, 470, 87 N.W.2d 469, 479, 480; Scheel v. Superior Mfg. Co., 249 Iowa 873, 879, 89 N.W.2d 377, 381; 82 C. J. S., Statutes, section 359a. These facts seem rather persuasive that it is at least very doubtful the original subsection 4 of section 422.13 has been in effect since section 12, chapter 208, Fifty-sixth General Assembly, became effective.

Further, it scarcely meets the ordinary conception of fair play for the State to prosecute a citizen criminally for alleged violation of a statute which the two principal agencies (a former attorney general and the tax commission itself with some change in personnel), charged with enforcement of the applicable laws, ruled was repealed by subsequent legislative action.

IV. We have carefully considered the authorities cited by the State in its well-prepared brief but shall not extend this opinion to review them. They announce recognized principles of statutory construction such as the one that courts do not favor implied repeals of statutes. No authority is cited that we deem controlling or in conflict with views herein expressed.

The judgment of the trial court is—Affirmed.

All JUSTICES concur except THORNTON, J., who takes no part.