CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, appellee, v. DAVID M. LIDDLE, chairman, and members of Board of Adjustment of Des Moines; CITY OF DES MOINES and FRED HEYER, building inspector, appellants.

No. 50499.

JANUARY 9, 1962.

Leonard C. Abels, Corporation Counsel, Anthony T. Renda, City Solicitor, Leo E. Gross and Philip T. Riley, Assistant City Attorneys, for appellants.

A. B. Howland and J. H. Martin, both of Des Moines, for appellee.

GARFIELD, C. J.—The vital question on this appeal is the legality of certain provisions of Part XIV of the 1953 zoning ordinance of the city of Des Moines. The trial court upheld plaintiff's claim they are illegal. We affirm the decision.

Plaintiff's railroad lines run generally east and west, also north and south through the city. Branch lines also leave it. Plaintiff owns a sizable tract of land between Southeast Eighteenth Street on the west, Dean Avenue on the north, Southeast Thirty-fourth Street on the east, and Market Street on the south. Its terminal yard is located there. The zoning ordinance classifies the land as "M-2 Heavy Industrial District."

Plaintiff applied to the city building inspector for permits to build and occupy on the tract stockyards with 20 pens for the care and feeding of livestock transported on its trains. The inspector refused the permits because no occupancy permit could be issued for a stockyard without approval by the city board of adjustment, herein called "the board." Upon plaintiff's appeal to the board, following a hearing before it, the appeal was denied.

Plaintiff then brought this action in certiorari in district court, alleging the board's decision is illegal. An action in certiorari to test the legality of such a decision is authorized by section 414.15, Code, 1958, and a similar provision in Part XIX of the zoning ordinance. A count of plaintiff's petition sought a declaratory judgment that certain provisions of Part XIV of the ordinance are illegal and void. Another count asked a writ of mandamus directing issuance of the permits applied for. Following trial to the court the relief sought was granted and defendant city, members of its board of adjustment and building inspector have appealed.

I. We consider first the most important question—legality of certain provisions of Part XIV of the zoning ordinance. The part relates to zone "M-2 Heavy Industrial District" in which, as stated, plaintiff's tract lies. So far as here pertinent it provides in paragraph A that premises in the district may

be used for any purpose whatsoever except 1) No occupancy permit shall be issued for any use in conflict with any city ordinance or state law regulating nuisances, and 3) No such permit shall be issued for stockyards or 17 other stated uses "until and unless the location of such use shall have been authorized by the Board after report by the Fire Prevention Bureau of the fire department and the health department."

Some of the 18 specified uses list several related ones. Defendants do not claim the use for which plaintiff seeks an occupancy permit conflicts with any city ordinance or state law. Subparagraph (2) of paragraph A has no application here.

The "Required Conditions" in the ordinance state that the best practical means known for disposal of refuse matter or water-carried waste, abatement of odors, dust, smoke, gas, noise or similar nuisance, shall be employed. Also that all buildings shall be located at least 200 feet from any "R" district and not less than 100 feet from any other district except an "M-1" district. Buildings are also limited in height. No lack of compliance with these conditions is asserted.

Plaintiff's petition alleges the ordinance delegates to the board the power to determine whether stockyards and other specified businesses shall be permitted without fixing any standards to guide or limit the board in determining the question, the ordinance permits a purely arbitrary, capricious and unreasonable decision by the board and thus deprives plaintiff of due process and equal protection of the laws in violation of applicable provisions of State and Federal Constitutions.

The power of cities and towns to enact zoning ordinances is conferred by chapter 414, Code, 1958, and has been frequently recognized by our decisions. Section 414.2 provides, "All such regulations and restrictions shall be uniform for each class or kind of buildings throughout each district, but the regulations in one district may differ from those in other districts."

Section 414.7 requires the city council to provide for the appointment of a board of adjustment which "may in appropriate cases and subject to appropriate conditions and safeguards make special exceptions to the terms of the ordinance(s) in harmony with its general purpose and intent and in accord-

ance with general or specific rules therein contained * * *."
Appeals to the board by any person aggrieved by any decision
of "the administrative officer" are authorized by section 414.10.

Section 414.12 specifies the three powers the board shall
have. The first is to hear and decide appeals as authorized by
414.10. The second is "2. To hear and decide special exceptions
to the terms of the ordinance upon which such board is re-
quired to pass under such ordinance." The third power the
statute confers on the board is "3. To authorize upon appeal
in specific cases such variance from the terms of the ordinance
as will not be contrary to the public interest, where owing to
special conditions a literal enforcement of the provisions of the
ordinance will result in unnecessary hardship, and so that the
spirit of the ordinance shall be observed and substantial justice
done."

The second of these provisions comes nearest to conferring
on the board the power Part XIV of this zoning ordinance dele-
gates to it. Defendants seem to rely mainly on this provision
as the statutory authority for the requirement of the ordinance
that the board must authorize the location of plaintiff's stock-
yards in this M-2 district before any permit therefor may be
issued.

The board exercises administrative and quasi-judicial
power. Anderson v. Jester, 206 Iowa 452, 459, 221 N.W. 354,
and citations. There is no question of variance in the case at
bar. Osius v. City of St. Clair Shores, 344 Mich. 693, 75 N.W.2d
25, 26, 58 A. L. R.2d 1079, 1081; Green Point Savings Bank
v. Board of Zoning Appeals, 281 N.Y. 534, 24 N.E.2d 319, 322.

We may assume, without so holding, the city has the
power to delegate to the board authority to permit or deny the
erection and use of plaintiff's stockyards in a heavy industrial
district. We are clear, however, and defendants do not deny,
such delegation of power must be accompanied by sufficient
guides or standards to govern the board's action. This to the
end interested parties may be able to reasonably determine their
rights and they will not be left to the board's arbitrary discre-
tion.

The annotation in 58 A. L. R.2d 1083, 1097, 1098,

states: "It is well settled in the field of zoning law, as in administrative law generally, that in delegating power to an administrative agency the legislature must spell out its policies in sufficient detail to furnish a guide which will enable those to whom the law is to be applied to reasonably determine their rights thereunder, and so that the determination of those rights will not be left to the purely arbitrary discretion of the administrator."

1 Yokley on Zoning Law and Practice, Second Ed., section 62, says: "The general rule is that a zoning ordinance must prescribe definite standards and that neither the city council, the board of appeals created by ordinance or statute, nor the building inspector is properly vested with discretionary rights in granting building permits * * * unless there has been established a definite standard to guide them in the exercise of such powers."

The 1961 Cumulative Supplement to Yokley, page 46, states, "Any statute giving to an administrative official discretionary powers and duties must lay down an intelligible principle for the guidance of such official in the performance of those duties."

Rhyne, Municipal Law, section 32-3, page 821, says: "Subordinate zoning boards * * * may be vested with broad discretionary powers to administer zoning ordinances, but adequate standards to guide them in the exercise of the discretion vested must be contained in the zoning ordinance or an invalid delegation of power may result."

101 C. J. S., Zoning, section 42, states: "Thus zoning statutes and ordinances, provided they furnish a reasonably adequate standard by which to act, are not invalid as in violation of the principle against the delegation of legislative powers, where they grant to an administrative board or officer power * * * to grant a use permit."

We can find in the state statutes no guides or standards by which the board is to act *in exercising such power as is delegated to it by Part XIV of the zoning ordinance*. The ordinance itself, insofar as it is contained in the record (presumably all that is here pertinent), provides that authorization by the board of a permit to occupy stockyards shall come after

report by the Fire Prevention Bureau of the fire department and the health department. No duty is placed on the board to abide by any recommendations contained in these reports. This provision can hardly be said to provide adequate standards for the board's exercise of power *under Part XIV.* And we find in the ordinance no other guides or standards for the board's exercise of this particular power.

We must conclude the ordinance confers upon the board virtually unlimited power, conditioned only upon receiving a report from the Fire Prevention Bureau and the health department unaccompanied by adequate guides or standards, to authorize or not authorize a permit for stockyards in an M-2 district. So far as the statutes or the ordinance provide, the board may arbitrarily deny such a permit for a good reason, a bad reason, or no reason at all. Such a grant of virtually unlimited power is invalid and offends against the constitutional provisions plaintiff has invoked relating to due process and equal protection of the law.

Our holding the ordinance is invalid in the respect pointed out finds support in Central States Theatre Corp. v. Sar, 245 Iowa 1254, 1260–62, 66 N.W.2d 450, 454, 455; Keating v. Patterson, 132 Conn. 210, 43 A.2d 659; North Bay Village v. Blackwell, Fla., 88 So.2d 524, 526; City of Watseka v. Blatt, 320 Ill. App. 191, 50 N.E.2d 589, 593; People ex rel. Schimpff v. Norvell, 368 Ill. 325, 13 N.E.2d 960, 961; Osius v. City of St. Clair Shores, supra, 344 Mich. 693, 75 N.W.2d 25, 27, 28, 58 A. L. R. 2d 1079, 1082, 1083; State ex rel. Continental Oil Co. v. Waddill, Mo., 318 S.W.2d 281, 285, 286; State ex rel. Ohio Oil Co. v. City of Defiance, 99 Ohio App. 398, 133 N.E.2d 392, 394. See also City of Richmond v. House, 177 Ky. 814, 198 S.W. 218, 219, 220; Hagerstown v. Baltimore & O. R. Co., 107 Md. 178, 68 A. 490, 493, 126 Am. St. Rep. 382.

Most of these precedents and others are briefly analyzed in the annotation in 58 A. L. R.2d 1083, 1111–13, following report of the Osius case, supra. That opinion contains the same quotation from Devereaux v. Township Board of Genesee Township, 211 Mich. 38, 43, 177 N.W. 967, 969, which we approve in Central States Theatre Corp. v. Sar, supra. The Osius decision is

in turn approved in Township of Superior v. Reimel Sign Co., 362 Mich. 481, 107 N.W.2d 808, 811.

Some of the cases reason that an ordinance which clothes an administrative officer or board with arbitrary discretion, without definite standards for his or its guidance, amounts to an unconstitutional delegation of the legislative function. Lux v. Milwaukee Mechanics Ins. Co., 322 Mo. 342, 15 S.W.2d 343, 345; State ex rel. Ohio Oil Co. v. City of Defiance, supra, 99 Ohio App. 398, 133 N.E.2d 392, 394.

We do not imply the board has acted arbitrarily or capriciously here. But the test of the validity of a statute or ordinance is not what has been done under it but what may be done by its authority. General Outdoor Advertising Co. v. Goodman, 128 Colo. 344, 262 P.2d 261, 263, and citations; Hagerstown v. Baltimore & O. R. Co., supra, 107 Md. 178, 68 A. 490, 493, 126 Am. St. Rep. 382. See also State v. Hundley, 195 N.C. 377, 142 S.E. 330, 57 A. L. R. 506, 509.

It is perhaps true that standards or guides in such a matter as we have here are somewhat difficult to formulate, especially in detail. Doubtless a measure of discretion must be left to such a board. But it does not appear the formulation of at least general standards is either impracticable or impossible. They are frequently held sufficient where more definite standards cannot be specified. See annotations, 58 A. L. R.2d 1083, 1087. In our view we have here no seriously debatable question on the sufficiency of standards to guide the action of the board under Part XIV of the zoning ordinance.

II. Defendants cite City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322; Marquis v. City of Waterloo, 210 Iowa 439, 228 N.W. 870, and Scott v. City of Waterloo, 223 Iowa 1169, 274 N.W. 897, in support of the claimed validity of Part XIV of the ordinance. The Marquis and Scott decisions follow the Manhattan Oil Company case. They should not be passed without comment.

The cited cases do not involve zoning statutes contained in what is now Code chapter 414 or ordinances passed pursuant thereto. They involve ordinances establishing restricted resi-

dence districts pursuant to what is now Code chapter 415. This statute specifically empowers cities and towns to establish such districts and reserve *to the city or town council* the issuance of permits for buildings other than residences, schools, churches and similar structures. The three precedents last cited uphold ordinances passed in strict accord with the statute. There the delegation of discretionary power came from the state and was reserved to the city's legislative body, not to an administrative board.

██ Several cases, of which the three last cited are illustrative, hold in effect that no standards or guides need be set forth in an ordinance which provides the power to issue a permit remains in the city's legislative body. It is said this is so because such body had the power in the first instance to determine the standards and it merely retained the power it always had. See State ex rel. Ludlow v. Guffey, Mo., 306 S.W.2d 552, 555, 556. Green Point Savings Bank v. Board of Zoning Appeals, supra, 281 N.Y. 534, 24 N.E.2d 319, is a leading precedent of this kind. However, it recognizes that where power is delegated to an administrative board the standards which govern its exercise must be fixed by the legislative body.

The annotation in 58 A. L. R.2d 1083, 1098, observes: "There is some authority, however, for the view that where the administrative function is reserved to the legislative body there is no necessity that the statute or ordinance spell out the standards to guide the exercise of that power."

The Manhattan Oil, Marquis and Scott cases, supra, and some others are cited as supporting the above statement. The same annotation also cites a number of precedents for "the view that insofar as the legislative body acts in an administrative capacity, its actions must be subjected to the same controls as any other administrator, so that a delegation to it of arbitrary power in connection with zoning matters is invalid" (page 1099 of 58 A. L. R.2d).

Virtually all authorities are to the effect that where, as here, power to issue permits under a zoning ordinance is delegated to an administrative board it must be accompanied by adequate standards to guide such action. As stated, we do not

understand defendants contend otherwise. We have no occasion to decide now whether a like rule should prevail where such power is retained by the city council.

██ ██ III. It is pertinent to observe zoning is an exercise of the police power delegated by the state to the municipality and such delegated power must be strictly construed. Livingston v. Davis, 243 Iowa 21, 26, 50 N.W.2d 592, 596, 27 A. L. R. 2d 1237, and citations; 101 C. J. S., Zoning, section 129, and citations n. 90. See also Huff v. City of Des Moines, 244 Iowa 89, 92, 56 N.W.2d 54, 56; Rhyne, Municipal Law, section 32-4, page 828. A zoning ordinance should not be extended by implication (Livingston v. Davis, supra, and citations) or interpretation (101 C. J. S., Zoning, section 129).

██ IV. We may also observe that stockyards in a heavy industrial district are not nuisances per se. Funnell v. City of Clear Lake, 239 Iowa 135, 140, 30 N.W.2d 722, 724, and citations; Annotation, 18 A. L. R.2d 1033, 1035. Of course they may be so conducted as to become nuisances. If these stockyards are erected and so operated as to become a nuisance parties in interest will have their remedy. Livingston v. Davis, supra, 243 Iowa 21, 31, 50 N.W.2d 592, 599, 27 A. L. R.2d 1237, and citations.

It may also be said Code section 477.35 requires plaintiff to provide at each of its stations where livestock is received for shipment adequate stockyards, equipped with good gates, suitable loading chutes, sheds, water troughs and ample water supply. The state commerce commission has the duty to enforce this provision and, upon complaint by five or more shippers, make such order for the improvement of the yards as shall, in its judgment, seem necessary. Section 477.36.

Sections 71 and 72, Title 45, U.S.C.A., provide livestock transported in interstate commerce may not ordinarily be confined for a period longer than 28 consecutive hours without being unloaded into properly equipped pens, for rest, water and feeding, for a period of five consecutive hours.

V. One more observation. Upon submission of this appeal defendants' counsel conceded the board of adjustment could not prevent plaintiff from erecting and using stockyards at some

point within this heavy industrial district. If this be true it is not readily apparent why the board may prevent them at the location selected by plaintiff.

VI. Defendants-appellants have assigned several errors relied upon for reversal. Some of them assail findings of the trial court. In view of our conclusion that Part XIV of the zoning ordinance is invalid in the respect pointed out in Division I hereof we find it necessary to consider only one other so-called error defendants assign. They admit the validity of the statute and ordinance in question is the controlling point in the case.

As stated at the outset plaintiff combined with its action in certiorari a count asking for a declaratory judgment that provisions of Part XIV of the zoning ordinance are illegal and void, and another count asking a writ of mandamus directing issuance of the permits applied for. A certiorari action is authorized by Code section 414.15 and a like provision in Part XIX of the zoning ordinance. This is conceded. However, defendants complain of this joinder of the counts for declaratory judgment and writ of mandamus.

The burden of defendants' argument at this point is that these other counts are "duplicatory and, practically as well as legally, unnecessary * * *. If the ordinance be held invalid, its retender of the required fee to defendant building inspector would result in issuance of the permits."

It may well be that joinder of the counts for declaratory judgment and mandamus was unnecessary. A statement in State ex rel. Bierring v. Swearingen, 237 Iowa 1031, 1039, 1040, 22 N.W.2d 809, 813, indicates issuance of the writ of mandamus was a formality and there was no necessity for it. In any event, in view of defendants' position that if, as we have concluded, the ordinance is held invalid the permits would be issued upon payment of the required fees, it is apparent defendants were not prejudiced by plaintiff's joining the counts for declaratory judgment and mandamus with the one for certiorari. This is not the first instance in which attorneys, evidently from an abundance of caution, have taken steps that proved to be unnecessary. They probably did not know, when

the action was commenced, that the permits would be issued if plaintiff prevailed in the certiorari action.

We may add that rule 261, Rules of Civil Procedure, provides declaratory relief may be granted "whether or not further relief is or could be claimed. * * * The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." And Code section 661.5 states that, with an exception not here applicable, "The plaintiff in any action * * * may also, as an auxiliary relief, have an order of mandamus to compel the performance of a duty established in such action."

Mandamus was allowed in these cases of this general class: Louisville etc. Commission v. Stoker, Ky., 259 S.W.2d 443; State ex rel. Continental Oil Co. v. Waddill, supra, Mo., 318 S.W.2d 281; State ex rel. Ohio Oil Co. v. City of Defiance, supra, 99 Ohio App. 398, 133 N.E.2d 392. 8 McQuillin Municipal Corporations, Third Ed., section 25.307, states that mandamus to compel action by a zoning board or official may be proper under some circumstances, as where issuance of a building permit has been wrongfully refused under an unreasonable, invalid or unconstitutional zoning ordinance.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.