THE STATE OF IOWA *v.* NEWLAND.

Where a person or thing, necessary to be mentioned in an indictment, is described with unnecessary particularity, all the circumstances of the description must be proved.

Where an indictment for passing counterfeit bank bills, alleged that the bank is a corporation, duly authorized to issue bills, by a certain state, it is incumbent on the state to prove the fact alleged.

Where on· the trial of an indictment for passing counterfeit bank bills, which charged that the bills purported to be issued by the president, directors and company, of the Massachusetts Bank, a corporation duly authorized for that purpose by the state of Massachusetts, the state offered no evidence that there was any such corporation as alleged in the indictment; and where the defendant asked the court to instruct the jury, that "the state must prove that the bank from which the bills purported to be issued, was a duly incorporated company, as charged in the indictment," which the court refused to give, and directed the jury, that "it was not necessary for the state to prove that there was an incorporated institution, called the 'Massachusetts Bank;'" *Held,* That the instruction was erroneous, and that the court erred in refusing the instruction asked by defendant.

*Appeal from the Des Moines District Court.*

TUESDAY, DECEMBER 7.

Indictment for passing counterfeit bank bills on the Massachusetts Bank. The defendant was convicted, and prosecutes this appeal. The facts are fully stated in the opinion of the court.

*M. D. Browning,* for the appellant.

*S. A. Rice*, (Attorney General), for the State.

STOCKTON, J.—The indictment in this case, charges that the defendant "did utter. and pass, and tender in payment as true, to one Peter Kesler, two false, forged, and counterfeit bank bills, of the denomination of two dollars, purporting to be issued by the President, Directors & Co., of the Massachusetts Bank, payable to J. E. Hayden; a corporation duly authorized for that purpose, by the state of Massachusetts, with intent to defraud. He, the said Newland, well knowing," &c.   On the trial, F. W. Brooks was called as a witness, who stated that the bills were counterfeit bank.bills ; and that the witness was a banker in the city of Burlington, and an expert.   The witness did not testify that there was any such corporation as the · Massachusetts Bank—nor was the question asked him— nor was there any evidence offered that there was any such incorporation as alleged in the indictment, except as above given.   Whereupon the defendant asked the court to charge the jury, that " the state must prove that the bank from which the bills purported to be issued, was a duly incorporated company, as charged in the indictment."   The court refused so to charge the jury, and directed them, that "it was not absolutely necessary for the state to prove that there was an incorporated institution called the 'Massachusetts Bank.' "

In *The Commonwealth* v. *Smith*, 6 S. & R., 568, it was held, that if, in the indictment, the bank be stated to be a chartered bank, or if the act is laid as done with an intent to defraud such bank, it might be incumbent on the state to prove the existence of the corporation; and that this could only have been done by the production of the charter, or act of incorporation.   Under our statute, it is not necessary to charge that the act was done with intent to defraud the bank, or any particular person.   Code, section 2927.   Nor is it necessary to prove the incorporation, by the charter, or act thereof, but the same may be proved by general reputation.   Section 2643.

As the indictment in this case charges that the bank was "a corporation, duly authorized for that purpose, by the state of Massachusetts," it was incumbent on the state to prove the fact as alleged. As where a person, or thing, necessary to be mentioned in an indictment, is described with unnecessary particularity, all the circumstances of the description must be proved. 1 Greenleaf Ev., section 65.

The district court erred in refusing to give the instruction asked by the defendant; and in the charge given to the jury; and for this cause the judgment must be reversed. *People* v. *Davis*, 21 Wend., 309.

Judgment reversed.