## THE STATE v. HESNER.

1. **Criminal Law: INDICTMENT.** An indictment charging the unlawful sale of whisky is not supported by proof of the sale of other intoxicating liquors.

*Appeal from Clayton District Court.*

WEDNESDAY, MARCH 23.

THE defendant was convicted of the crime of selling to one George Ward intoxicating liquor known as whisky, without a permit. Having been sentenced to pay a fine of $20, he appeals from the judgment.

The State v. Hesner.

*Stoneman & Chapin*, for appellant.

*J. F. McJunkin*, Attorney General, for the State.

ADAMS, CH. J.—The defendant complained of an instruction given by the court which is in these words: "You are instructed that if you find from the evidence, beyond a reasonable doubt, that the defendant himself, or by another in his saloon, sold to the said George Ward intoxicating liquor of any kind, whether whisky or any other kind of intoxicating liquor, your verdict will be against the defendant, guilty."

*1. CRIMINAL law: indictment.*

The correctness of this instruction is questioned upon two grounds. First, it is said that the defendant, having been accused of selling whisky, could not be properly convicted of having sold intoxicating liquor of a different kind, and, in the second place, it is said that if the liquor sold was beer or native wine the defendant would not be guilty, notwithstanding such liquors are intoxicating.

The liquor was described with unnecessary particularity. Code § 1540. *State v. Whalen*, 54 Iowa, 753. But in *State v. Newland*, 7 Iowa, 242, it is held that, where a thing necessary to be mentioned in an indictment is described with unncessary particularity, the thing must be proven as described. It appears to us, therefore, that the instruction cannot be sustained, and the judgment must be

REVERSED.