State v. Karlowski.

THE STATE v. KARLOWSKI, *Appellant.*

Division Two, February 1, 1898.

1. **Criminal Law**: INDICTMENT: VARIANCE.    The defendant was indicted for forging and uttering a forged order "purporting to be the act of one Lorenz Sulkowski by the name of L. Sulkowski."    At the top of the order offered in evidence appeared the following: "Lorenz Sulkowski, Dealer in General Merchandise" and the order was signed "L. Sulkowski."    *Held* no variance between the indictment and the proof.    (Distinguishing, *State v. Fay,* 65 Mo. 490.)

2. ———: INDICTMENT: GENERAL VERDICT: TWO OFFENSES. The defendant was indicted in two counts for forgery, and for uttering a forged order.    The verdict of the jury was a general one.    *Held,* that as the indictment charged two separate and distinct offenses, the verdict is insufficient as it fails to state on which charge the defendant was found guilty.

*Appeal from Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Joseph M. McPherson* for appellant.

(1)    The court erred in admitting the check in evidence.    The indictment described the instrument

alleged to be forged as a check for $65.50, signed with the name of Lorenz Sulkowski. The instrument offered in evidence was a check for $65.50 and signed by L. Sulkowski. This was a fatal variance. *State v. Fay*, 65 Mo. 490; *State v. English*, 67 Mo. 136; *State v. Owen*, 73 Mo. 440; *State v. Chamberlain*, 75 Mo. 382. (2) The indictment charges at least two separate and distinct offenses, that of forgery in the second degree under Revised Statutes 1889, section 3633, and that of uttering forged instruments under Revised Statutes 1889, section 3634, and in different counts. A conviction or acquittal of one would not bar a prosecution of the other. A general verdict is therefore clearly insufficient. *State v. Harmon*, 106 Mo. 657; *State v. Bedell*, 35 Mo. App. 551; *McHoney v. Ins. Co.*, 44 Mo. App. 426; *Silcox v. McKinney*, 64 Mo. App. 330.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The indictment properly describes the instrument alleged to be forged as "a certain instrument, in writing, to wit, a check and order purporting to be the act of one Lorenz Sulkowski, by the name of L. Sulkowski, by which a pecuniary demand and obligation for the payment of sixty-five dollars and fifty cents by the said Lorenz Sulkowski, by the name of L. Sulkowski, to the said B. Karlowski or order, purported to be created, etc." The allegation is properly laid showing Lorenz Sulkowski and L. Sulkowski to be one and the same person. Under such circumstances there is no opportunity to reasonably attack the right to introduce the check in question in evidence on the ground that it is not the instrument called for in the indictment. There does not appear to be even the semblance of a variance. It is in exact accord and fully

complies with the check described in the indictment.
R. S. 1889, sec. 4114; *State v. Bibb*, 69 Mo. 286; *State
v. Harl*, 137 Mo. 252; *State v. Meyer*, 82 Mo. 562;
*State v. Wammack*, 70 Mo. 410; *State v. Barker*, 64
Mo. 283; *State v. Sharp*, 71 Mo. 218. (2) Defendant
objects to the form of the verdict as returned by the
jury. Following the rule as laid down by this court
in the case of *State v. Pierce*, 136 Mo. 34, his conten-
tion is correct and the cause must be reversed.

SHERWOOD, J.—There are several counts in the in-
dictment under which defendant was convicted. Two
of them in their charging parts are as follows: "That
one B. Karlowski, on the 25th day of February, 1896,
at the county of Lawrence, in the State of Missouri,
did then and there unlawfully, feloniously and falsely
make and forge a certain instrument in writing, to wit,
a check and order purporting to be the act of one Lo-
renz Sulkowski by the name of L. Sulkowski by
which a pecuniary demand and obligation for the pay-
ment of sixty-five dollars and fifty cents by the said
Lorenz Sulkowski by the name of L. Sulkowski, to the
said B. Karlowski, or order purported to be created,
which said false and forged instrument and note is of
the tenor following, that is to say:

" 'Lorenz Sulkowski,                         No. 1.
     " 'Dealer in
" 'General Merchandise,              Bricefield, Mo.
               " '25 February 18, 1896.
     " 'Pay to the order of Ty Kolms Vii, 65 $ 50c,
Sixty-five dollars 50 cents Dollars.
" 'To Pierce City National Bank, Pierce City, Mo.
                         " 'L. SULKOWSKI.'
"With intent then and there and thereby unlaw-
fully and feloniously to injure and defraud, against the
peace and dignity of the State.

"That one B. Karlowski, on the 25th day of February, 1896, at the county of Lawrence, in the State of Missouri, a certain forged and counterfeit order and check purporting to be made by one Lorenz Sulkowski by the name of L. Sulkowski, and purporting to be drawn on the Pierce City National Bank, a banking corporation duly incorporated under the laws of the United States, which said forged and counterfeit order and check is as follows:

" 'Lorenz Sulkowski,                                     No. 1.
    " 'Dealer in
" 'General Merchandise,              Bricefield, Mo.
    "Pay to the order of B. Karlowski, 65 $ 50c. Sixty-five dollars 50 cents, Dollars.
" 'To Pierce City National Bank, Pierce City, Mo.
                            " 'L. SULKOWSKI.'

"Feloniously did then and there pass, utter, sell, exchange and deliver as true to one L. A. Chapman, cashier of the said Pierce City National Bank, for the consideration of sixty-five dollars and fifty cents with intent then and there the said L. A. Chapman and the said Pierce City National Bank, to injure, cheat and defraud, he, the said B. Karlowski, then and there, knowing the said order and check to be forged and counterfeited, against the peace and dignity of the State."

This indictment is based on sections 3633 and 3634, Revised Statutes 1889. No objection is discovered to the form of this indictment, nor do we discover any variance between the charges and the proof. This case is wholly unlike that of *State v. Fay*, 65 Mo. 490, for there the indictment charged that the instrument was a promissory note signed by James C. Orr, while the evidence showed a promissory note signed by J. C. Orr, and on this it was properly held that there was a fatal variance between the allegation and the evidence

offered in its support. But in that case there is no simi-
lar averment to that contained in the words "by the
name of L. Sulkowski," etc., which provided for the
introduction of the proof as made.

Notwithstanding what is said in the foregoing ob-
servations, the judgment can not be permitted to
stand because the indictment charging two separate and
distinct offenses, the verdict is insufficient in that it is
a general one, so that it can not be told on what count
of the indictment it is founded. *State v. Pierce*, 136
Mo. 34.

For this error judgment reversed and cause re-
manded.

All concur.