STATE OF IOWA v. J. V. SCHULER, Appellant, and STATE OF
IOWA v. FRANK MIKOTA, Appellant.

**Indictment:** LIQUOR NUISANCE: *Duplicity.* An indictment in two
   counts charging accused with keeping a building or place in H.
   county in which he sold, etc., intoxicating liquors, and with keep-
   ing a building or place in the village of P., in H. county, in which
   he sold, etc., is bad for duplicity, there being no statement of an
   intent to charge but a single offense, since accused could be con-
   victed of keeping a nuisance any place in H. county under the
   first count, and of keeping a nuisance at a particular place in H.
   county under the second.

JUDGMENT AS BAR. Where an indictment charges two offenses, and
   the plea is "Guilty of the offense charged," the judgment is not
   sufficiently certain to be a bar to future prosecutions.

PLEA AND PROOF. Where such indictment describes the place where
   the nuisance is charged to be kept, with needless particularity,
   the averment must be proven.

*Appeal from Howard District Court.*—HON A. N. HOBSON,
Judge.

WEDNESDAY, OCTOBER, 4 1899.

THESE cases present the same questions, and may be
disposed of in a single opinion. Defendants are charged
with keeping liquor nuisances. They each demurred to the
indictments, and, upon the overruling of their demurrers,
pleaded guilty to the offense charged. Thereafter they filed
motions in arrest of judgment, which were overruled, and
judgments were entered against them, from which they ap-
peal.—*Reversed.*

*H. T.* and *C. W. Reed* for appellant Mikota.

*P, F. McHugh* for appellant Schuler.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck* for the State.

DEEMER, J.—The indictments each contain two counts, one charging the defendant with keeping a building and erection or place in Howard county in which he sold, or kept with intent to sell, intoxicating liquors contrary to law, and the other with keeping a building or place in the village of Protivin, in Howard county, in which he sold, or kept with intent to sell, intoxicating liquors contrary to law. There is no statement of an intent to charge but a single offense. The demurrer was on the ground that the indictment charged two separate offenses, and that it was indefinite and uncertain as to the offense charged and the particular circumstances thereof. The plea was guilty of the offense charged. The motion in arrest of judgment, among other things, charges that on the whole record no legal judgment can be rendered, because of the condition of the indictment. The first count of the indictment charged a complete offense (*State v. Dean,* 44 Iowa, 648; *State v. Waltz,* 74 Iowa, 610, and cases cited); that is to say, it was not necessary to more particularly describe the locus. The second charges the keeping of a nuisance in a particular building that is situate in the town of Protivin, in Howard county. Having thus described the building, it was incumbent on the state to prove the keeping of that particular nuisance. *State v. Crogan,* 8 Iowa, 523; *State v. Hesner,* 55 Iowa, 494; *State v. Newland,* 7 Iowa, 242. Indeed, a particular description of the building is necessary when abatement of the nuisance is sought. *State v. Waltz,* 74 Iowa, 610. Such an allegation is not surplusage, and must be proven as alleged. See authorities heretofore cited. Defendants might have been convicted on the first count of the indictment upon proof of keeping a nuisance in any place within the limits of Howard county. It seems quite clear that it was not intended to charge but a single offense. The indictment does not so state,

and there was no necessity for the second count, unless it was for the purpose of creating a foundation for the abatement of the nuisance. If that was the purpose, then there was no necessity for the first count, unless the state expected to prove the existence of another nuisance. The case does not differ essentially from *State v. Chapman,* 94 Iowa, 67, wherein it is held that an indictment charging the keeping of a nuisance in "a building, erection, place, and railroad car" was bad for duplicity. In any event, the indictment is not direct and certain, as required by section 5282 of the Code. The demurrers should have been sustained.

As the indictment charged two offenses, and the plea is, "Guilty of the offense charged," the judgment has not that certainty which the law requires for the protection of the defendant against future prosecutions. No one can tell from this record whether defendants were convicted of the crime of keeping a nuisance at the village of Protivin, or at some other place in Howard county. *Com. v. Haskins,* 128 Mass. 60; *State v. Karlowski,* 142 Mo. Sup. 463 (44 S. W. Rep. 244). That a judgment in a criminal case should be so direct and certain as that it may constitute a bar to a further prosecution for the same offense is so elementary that a citation of authorities is not needed to enforce the proposition. For the errors pointed out, the judgments are each REVERSED.