STATE OF IOWA, appellee, v. WAYNE HENRY HOCHMUTH, SR., appellant.

No. 51229.

(Reported in 127 N.W.2d 658)

APRIL 8, 1964.

Thomas M. Kelly, Jr., of Davenport, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, Martin D. Leir, ·County Attorney, and Edward N. Wehr, Assistant County Attorney, both of Davenport, for appellee.

GARFIELD, C. J.—Defendant has appealed from conviction of receiving stolen goods of a value in excess of $20, in violation of section 712.1, Code, 1962. His sole complaint is that the jury was erroneously instructed to convict if it found defendant "bought, received, or aided in concealing" the goods, whereas the information alleged the crime was committed merely by receiving the goods. Thus it is said the instructions required a finding of guilt upon a state of facts not charged in the information. We think the assigned error must be sustained.

The county attorney's information under which defendant was tried "accuses [defendant] of the crime of Receiving Stolen Goods Having a Value In Excess of $20, committed as follows: The said [defendant], on or about the 7th day of February, 1963, in the County of Scott, and State of Iowa, did receive jewelry having a value in excess of $20, knowing the same to

have been stolen, in violation of Section 712.1, Code of Iowa (1962) * * *."

Section 712.1 is one of three sections in chapter 712. The chapter is headed "Receiving Stolen Goods." The section, so far as applicable, provides: "If any person buy, receive, or aid in concealing any stolen * * * goods, * * * the stealing of which is larceny, * * * knowing the same to have been so obtained, he shall, when the value of the property so bought, received, or concealed by him exceeds * * * twenty dollars, be imprisoned * * *."

The preliminary draft of instructions to the jury was furnished counsel before argument to the jury began and, before reading them to the jury, instructions in their final form were also submitted to counsel.

Instruction 5 told the jury it would be its duty to find defendant guilty if the State had established he "bought, received or aided in concealing" the alleged stolen goods, knowing them to have been stolen. Three other instructions (6, 7 and 15) use the language just quoted or its equivalent and by clear implication require a conviction upon a finding of buying or aiding in concealing, as well as of receiving, the alleged stolen goods. Instruction 15 states, "If you find defendant guilty of buying, receiving or aiding in concealing stolen property, *as charged in the information* * * *" (emphasis added). As stated, the information does not charge buying or aiding in concealing.

Before the instructions were read to the jury and again in his motion for new trial before judgment defendant objected to the instructions on the ground they erroneously required a verdict of guilt upon a finding of buying or aiding in concealing the alleged stolen goods when the information charged the crime was committed merely by receiving the goods.

Code section 787.3, paragraphs 5 and 7, permits objections to instructions in a criminal case to be raised in the motion for new trial. Objections need not be made before the instructions are read to the jury, as in a civil case. State v. Faught, 254 Iowa 1124, 1131, 120 N.W.2d 426, 430, and citations. In any event, opportunity was afforded the trial court to correct

these instructions on the point complained of before they were read to the jury.

We do not agree with one ground of defendant's objections—that section 712.1 defines three separate and distinct crimes: 1) buying, 2) receiving, and 3) aiding in concealing stolen goods. We think the statute defines one crime which may be committed in any of three ways, stated in the statute disjunctively. State v. Feuerhaken, 96 Iowa 299, 301, 65 N.W. 299; Hamilton v. State, 129 Fla. 219, 176 So. 89, 112 A. L. R. 1013, 1016; State v. Pirkey, 22 S. D. 550, 118 N.W. 1042, 1044, 18 Ann. Cas. 192. See also State v. Lewis, 96 Iowa 286, 294, 295, 65 N.W. 295; 45 Am. Jur., Receiving Stolen Property, section 13.

As the State suggests, it was unnecessary that the information allege the means by which the offense of receiving stolen goods was committed. Code sections 773.4, 773.10. The information would have sufficiently followed the permissible form set out in section 773.34 for the offense charged if the means of committing it had not been stated. Further, the information would not have been invalid or insufficient if the means of committing the offense had been "charged in the disjunctive or alternative" as section 712.1, supra, provides it may be committed. Sections 773.24, 773.35.

However, the State chose to specify in the information the manner in which the crime was committed—viz., that defendant "did receive" the alleged stolen jewelry. As previously explained, it was not charged either conjunctively, as most authorities hold is the proper method, or disjunctively as our section 773.24 permits, the offense was committed by buying, receiving and/or aiding in concealing the jewelry. Having specified the means by which the crime was committed, we hold defendant could not properly be convicted upon a finding it was committed by means not alleged—viz., buying or aiding in concealing.

State v. Haesemeyer, 248 Iowa 154, 159, 160, 79 N.W.2d 755, 758, supports our holding. Defendant there was charged with violation of Code section 528.6 which provides for prohibitions against loans to officers or employees of a bank. The

indictment alleged the offense was committed by defendant's using or borrowing a sum in excess of ten percent of the bank's capital and surplus. Upon the State's appeal from an acquittal, it contended the jury should also have been instructed as to another prohibition in section 528.6—against use of the bank's funds or deposits for a purpose other than its regular business transactions. We held that having alleged the means by which the crime was committed, the State must prove guilt substantially as alleged and there was no error in refusing to instruct on the point urged. This from the opinion applies here:

"It may be the State was not required to allege the means by which the offense was committed. Code section 773.10. But having done so, it had the burden to prove defendant's guilt substantially as alleged. [citations]

"42 C. J. S., Indictments and Informations, section 262, states: 'Where an offense may be committed in various ways, the evidence must establish it to have been committed in the mode charged in the indictment'."

All Justices approved the part of the Haesemeyer opinion referred to.

State v. Schuling, 216 Iowa 1425, 1428, 250 N.W. 588, 589, cited in support of the Haesemeyer decision, also applies here. Defendant was there indicted for the crime of nuisance in using a building for unlawfully manufacturing, selling and keeping for sale intoxicating liquors. The evidence was that the building was used for setting up a still for the manufacture of intoxicating liquors, also a violation of the nuisance statute. We held this evidence did not sustain the allegations of the indictment. We repeat this from the opinion:

"* * * The crime may be charged by its name. In that event the defendant is entitled to a bill of particulars. If he asked for no bill of particulars, the state could undoubtedly convict him upon proof of any acts constituting the offense named. But if a bill of particulars was asked for and filed, the state would be limited to proof of the acts indicated in such specifications. If, in order to obviate the necessity for a bill of particulars, the state includes the particulars in the indictment, the defendant has a right to rely upon the acts alleged as constituting the

offense with which he is charged. In this situation it seems certain that the defendant cannot be charged with nuisance, in that he used a building for unlawfully manufacturing, selling, and keeping intoxicating liquors, and be found guilty thereof upon proof that he used the building for manufacturing a still."

State v. Meany, 262 Minn. 491, 499, 115 N.W.2d 247, 253, considers at length a similar proposition and quotes with approval from our Haesemeyer and Schuling opinions, supra, as well as its own. It makes this pronouncement: "* * * When an indictment, which could be sufficient if it alleged the commission of the crime in the language of the statute alone, goes further and specifies the acts of the defendant upon which the state relies for a conviction, the defendant has a right to rest his defense upon a lack of proof by the state of the commission of the acts specified."

We think these earlier Iowa cases also lend support to the conclusion reached here: State v. Newland, 7 (Clarke) Iowa 242, 71 Am. Dec. 444; State v. Crogan, 8 (Clarke) Iowa 523; State v. Hesner, 55 Iowa 494, 8 N.W. 329; State v. Schuler, 109 Iowa 111, 80 N.W. 213; State v. Snyder, 188 Iowa 1150, 177 N.W. 77, 10 A. L. R. 309. While these precedents are not recent we do not find they have been overruled. They have been recognized as authoritative at least as recently as in State v. Japone, 202 Iowa 450, 454, 209 N.W. 468, and State v. Wagner, 202 Iowa 739, 741, 210 N.W. 901. See also State v. Glucose Sugar Refining Co., 117 Iowa 524, 529, 530, 91 N.W. 794.

State v. Albery, 197 Iowa 538, 545, 546, 197 N.W. 650 (Division VII), bears on the question now presented.

An article by Professor Rollin M. Perkins in 13 Iowa Law Review 264, 282, states, "Because of the rule of technical variance it is unwise to include too much particularity of averment in the original charge." The footnote to this statement says: "This rule is too well known to require a citation of authorities, but one very interesting case may be mentioned. Under an indictment charging the sale of whisky it was held that proof of the sale of wine or beer would not support a conviction, although it was unnecessary to have particularized the intoxicating liquor

by specifying it as whisky. State v. Hesner, 55 Iowa 494, 8 N.W. 329 (1881)."

State v. Lewis, 117 W. Va. 670, 187 S.E. 315, 728, 188 S.E. 473, and Huggins v. State, 41 Ala. 393, both prosecutions for receiving stolen property, are closely analogous. The Lewis opinion holds (at page 672 of 117 W. Va., page 316 of 187 S.E.), "* * * since the accused could not be convicted upon a state of facts not charged in the indictment it was reversible error for the trial court to instruct the jury that he could be." State v. Wainwright, 119 W. Va. 34, 192 S.E. 121, 124, 125, explains State v. Lewis. See also State v. McGraw, 140 W. Va. 547, 85 S.E.2d 849, 854, 855.

Our holding also finds support in general statements of the law frequently found. We refer to some of them. From 5 Wharton's Criminal Law and Procedure (1957), section 2090, pages 258, 259: "The instructions as given must be applicable to the pending prosecution. It is therefore improper for the court * * * to present any issue unless it is raised by the indictment and pleas."

▪▪▪ 23A C. J. S., Criminal Law, section 1311, states, "Instructions should be confined to the issues made by the pleadings, and should not be broader or narrower than the indictment or information.

"* * * an instruction which is not based on, and in conformity with, the issue properly raised by the pleadings is generally erroneous. * * *."

See also 76 C. J. S., Receiving Stolen Goods, section 16a, page 28 (second column), and section 21b(2)(c), page 56.

53 Am. Jur., Trial, section 575: "The rule that instructions are to be confined to the issues applies in criminal cases. What law is applicable to such a case is determined by the charge in the accusation and the evidence adduced on the trial."

The instructions must be deemed prejudicial in a legal sense, in the respect objected to, and entitled defendant to another trial. Hence the case is—Reversed and remanded.

All JUSTICES concur.