**STATE of Iowa, Appellee,**

v.

**Terry Gene CRUTCHER, Appellant.**

**No. 53449.**

Supreme Court of Iowa.

Feb. 10, 1970.

Austin J. Rashid, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Michael M. Phelan, Deputy County Atty., Fort Madison, for appellee.

REES, Justice.

Defendant was charged by county attorney's information with having received certain goods, viz: a 4-speed transmission worth more than $20.00, knowing it had been stolen. He was tried, convicted and sentenced, and appeals. We affirm.

The appellant relies upon four claimed errors for reversal: (1) That the jury

could not return a verdict of guilty based on the evidence. (2) That the State failed to prove beyond a reasonable doubt that the crime had been committed, and the court should have directed a verdict for the defendant. (3) That the court erred in not granting defendant's motion for a new trial, and (4) That the trial court erred in granting State's motion to amend information made after arraignment and after the jury was impaneled and sworn over the objection of the appellant thereto, which was renewed in the motion for directed verdict and in the motion for new trial. The first three of the claimed errors have been argued in one division by both the appellant and the State, and the fourth claimed error has been argued in a separate division by both parties to the appeal.

■ I. We have reviewed the record and find there was substantial evidence tending to support the charge, that the appellant bought and received the goods in question, and that he knew at the time the property had been stolen. There is also adequate proof of the other essential elements of the crime sufficient to require the submission of the case to the jury. There was evidence in the record that the person who actually stole or participated in stealing the transmission advised the defendant prior to the sale that the "transmission was hot". We have reviewed the authorities cited by appellant, and do not find any of them supportive of appellant's position. Appellant contends there is no inference either direct or circumstantial that would indicate the appellant knew at any time until shortly before his arrest the transmission was stolen. We do not feel this is a fair interpretation of the record evidence. The fact that the testimony which tended to establish appellant's guilty knowledge came from the persons who testified they had in fact stolen the transmission, did not invalidate it. State v. Wehde, 226 Iowa 47, 49, 283 N.W. 104. The evidence in the record that the appellant knew the transmission had been stolen when he purchased it was sufficient to per-

mit the submission of that question to the jury. State v. Addison, 249 Iowa 905, 908, 87 N.W.2d 916.

II. The information charging the defendant with the crime of receiving stolen property was filed on August 19, 1968, in the office of the Lee District Court. The charging portion of the information is as follows:

"Comes now Michael M. Phelan, as Deputy County Attorney of Lee County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses TERRY GENE CRUTCHER of the crime of receiving stolen goods committed as follows:

"The said TERRY GENE CRUTCHER, on or about the 1 day of October, A.D., 1967, in the County of Lee and State of Iowa, did receive certain goods, to-wit, a 4-speed transmission belonging to Mike Mason and worth more than $20.00, knowing that it had been stolen, contrary to section 712.1 of the 1966 Code of Iowa and against the peace and dignity of the State of Iowa".

The appellant was arraigned on August 26, 1968, at which date he entered a plea of not guilty. Trial commenced on September 24, 1968. After the jury had been impaneled and sworn, the county attorney dictated into the record a motion to amend the information in which he sought authority to insert after the word "did" in the information as filed, the words "buy, receive, or aid in concealing", and to strike from the information the word "receive" so that the information would then read, "The said Terry Gene Crutcher, on or about the first day of October, 1967, in the County of Lee and State of Iowa, did buy, receive, or aid in concealing certain goods, to-wit * * *". Objections were made in the record to the motion for leave to amend the information, but the same were overruled and the court permitted the amendment of the information in the foregoing respects. So far as the record discloses, the information in its amended form was

read to the jury preliminary to the introduction of evidence.

During the course of the trial and while Mike Mason, the person alleged to have been the owner of the transmission in question, was being examined as a witness for the State, it developed that the automobile from which the transmission had been taken was the property of Mason's wife, Margaret Joyce Mason. The State thereupon moved the court for permission to amend the information a second time and to substitute the name Margaret Joyce Mason for the name Mike Mason in the information as being the person owning the transmission at the time of its theft. Counsel for the appellant strenuously objected to the granting of leave to amend, but the motion was sustained and the amendment permitted. At the close of the evidence, appellant dictated into the record a motion for a directed verdict, claiming the amendments to the information permitted by the court changing the name of the owner and also as to the means by which the offense was committed, were errors constituting grounds for the direction of a verdict for the appellant. The same grounds in substance were asserted by the appellant in a motion for a new trial filed subsequent to verdict and before entry of judgment and imposition of sentence.

█ An information may be amended in the same manner and to the same extent that indictments may be amended. Section 769.11, Code, 1966. The statute having to do with the amendment of indictments is section 773.42, Code, which provides, "the court may, on motion of the state, and before or during the trial, order the indictment so amended as to correct errors or omissions in matters of form or substance". The second amendment to the information which did nothing more nor less than to conform the information to the proof, obviously did not operate to the prejudice of the defendant. Amendments to conform indictments to proof have been repeatedly permitted by this court. State v. Luce, 194 Iowa 1306, 1308, 191 N.W. 64. Amending an information for larceny to conform to the evidence so as to charge that the stolen automobile was the property of the wife of the person originally named as owner was held permissible under a statute allowing amendments in relation to allegations or particulars as to which the defendant would not be prejudiced in his defense. Commonwealth v. Binkiewicz, 342 Mass. 740, 75 N.E.2d 473, 479, 14 A.L.R.3d 1397.

III. Granting leave to amend permitting the State to delete the word "receive" in the charging portion of the information and to substitute therefor the words "buy, receive, or aid in concealing" is urged by the appellant as error, and he relies heavily upon State v. Hochmuth, 256 Iowa 442, 127 N.W.2d 658. In the Hochmuth case the defendant was charged by county attorney's information with the crime of receiving stolen goods, and the information charged that he "did receive jewelry, etc.". In instructing the jury, the court submitted an instruction to the effect that if the jury found the defendant guilty of "buying, receiving or aiding in concealing" stolen property, it would be justified in convicting, and complaint was made to the instruction. The defendant in Hochmuth contended the State, having chosen to specify in the information the manner in which the crime was committed, viz, that the defendant had received the stolen jewelry, the submission of an instruction to the jury embracing the phrase "buying or aiding in concealing" was in error. In the Hochmuth case, the court said, at page 445, 127 N.W.2d at page 659,

"The information would have sufficiently followed the permissible form set out in section 773.34 for the offense charged if the means of committing it had not been stated. Further the information would not have been invalid or insufficient if the means of committing the offense had been 'charged in the disjunctive or alternative' as section 712.1, supra, provides it may be committed."

Section 773.34, Code, 1966, is our statute which prescribes permissible forms to be

**452**

used in cases in which they are applicable in the preparation of indictments and informations.

Under the record evidence in this case the jury would have been justified in concluding that the defendant both bought and received the stolen goods. There was proof of payment by him of moneys to the persons who admittedly stole the transmission in question and evidence that the possession of the same was delivered to him. Therefore the offense as charged in the amendment was adequately established and the jury was justified in so finding.

 The claimed error specified by appellant that the first amendment to the information which enabled the State to charge the defendant in the language of the statute should not have been permitted does not appear to be supported by the authorities cited by appellant. Had the first amendment to the information charged the defendant with an offense different from that intended to be charged in the original information, such amendment would have been prohibited by section 773.46, Code, 1966, which provides that amendments shall not be permitted when they will have the effect of charging the accused with an offense which is different from the offense which was intended to be charged in the indictment (information). Amendments during trial are permitted on application and may be dictated into the record in the presence of the defendant or his counsel and such record shall constitute sufficient notice to the defendant. Section 773.45, Code, 1966. The first amendment to the information here did nothing more than allege the manner and mode of commission of the offense, and alleged the same in the alternative or disjunctive. Section 773.25, Code, 1966. State v. Hochmuth, supra. That the first amendment to the information was proper and within the discretion of the court is well settled. State v. Clark, 258 Iowa 254, 258, 138 N.W.2d 120; State v. Houston, Iowa, 158 N.W.2d 158, 162; Nelson v. Bennett, 255 Iowa 773, 778, 123

N.W.2d 864; State v. Kulow, 255 Iowa 789, 791, 123 N.W.2d 872, 16 A.L.R.3d 1085.

IV. Appellant contends the first amendment to the information violates his constitutional rights as guaranteed by Article I, section 10, of the Constitution of Iowa. The appellant was by such section assured of the right to be informed of the accusation against him. We conclude he was so informed.

Finding no reversible error, we affirm.

Affirmed.

All Justices concur.