No. 17,028.

GENERAL OUTDOOR ADVERTISING CO. *v.* GOODMAN, INSPECTOR.

(262 P. [2d] 261)

Decided October 13, 1953.

Mr. J. F. LITTLE, Mr. PETER J. LITTLE, for plaintiff in error.

Mr. C. L. HARRISON, Mr. M. O. SHIVERS, JR., for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

IN an action to test the validity of a resolution adopted by the Arapahoe County Zoning Board in relation to "signs," plaintiff was denied a declaratory judgment in its favor in the trial court, and the questions involved are presented here by writ of error. Acting under the provisions of chapter 92 of the 1939 Session Laws of Colorado, which is an Act authorizing county planning and zoning of unincorporated territories, the county commissioners of Arapahoe county on October 20, 1941, adopted a county zoning resolution. As it appears from the pleadings and briefs, section 6 of the resolution provided for commercial districts, and on October 23, 1950, a portion of said section was amended, and is as follows: "11. Signs, when approved by the combined action of the Arapahoe County Board of Adjustment and the Board of County Commissioners of Arapahoe County."

Chapter 92, S.L. '39, supra, provides for the creation of a county planning commission; that such commission, upon order of the county commissioners, make a zoning plan affecting unincorporated areas in the county, which plan is to include the full text of the zoning resolution representing the recommendations of the planning commission for the regulation by the districts of the location, height, and size of buildings, etc.; it further provides for

a hearing by the county commissioners after the plan is submitted; that the county commissioners may adopt the plan, and thereafter, by resolution, regulate the size and location of structures in the areas involved; that it also provides for the appointment of a building inspector; and particularly, that after the appointment of the building inspector, "it shall be unlawful" to erect any structure without obtaining a building permit from *such building inspector;* and the building inspector shall not issue any permit that does not conform to all of the regulations then in effect. The law further provides for a board of adjustment, and then makes provisions for appeals by persons aggrieved, to the board of adjustment. To make easy reading in the discussion of the matters here presented, it is well to observe at the outset that for some reason, unexplained, the county commissioners singled out "signs" as objects for different and specific treatment. A building inspector was appointed and a board of adjustment created.

Subsequently plaintiff applied to defendant Martin Goodman as such county building inspector for a permit for the erection of outdoor advertising signs at locations which were zoned as a commercial area and in which other signs had been erected and were therein maintained. Although the application for the permit disclosed that the proposed signs would meet all rules and regulations in connection therewith, and that the request was not for the erection of same in a prohibited area, the building inspector refused to issue the permit on the ground that under the amended section, herein quoted, such application had to be approved by the combined action of the board of adjustment and the board of county commissioners, and therewith referred the application to the combined boards, and prompt denial followed. Thereupon, plaintiff, in the district court, sought a declaratory judgment that would hold the amended section to be unconstitutional and invalid, and also to compel the issuance of the permit as applied for. Upon

hearing, the lower court entered judgment for defendants and dismissed plaintiff's complaint.

In the complaint it is alleged that the amended section vested arbitrary discretion and absolute and unlimited power with respect to the lawful business and a right to discriminate unreasonably between business and advertising signs; restrict the conduct of business and the use of private property; impose unreasonable restrictions upon the erection of signs, which is not required of other commercial structures; that the section fails to provide uniform standards by which such applications may be determined; and that the section so adopted by the board of county commissioners is beyond the powers of such board under chapter 92, S.L. '39, supra.

There is a stipulation that the proposed signs that were to be constructed would be in conformity with all applicable and proper regulations of the zoning and building code in effect at the time; that the locations requested are in areas in which other types of business and other signs are permitted, and in fact, erected and being maintained.

On hearing, the trial court held the zoning resolution to be not discriminatory because decisions of the county commissioners are still subject to the inherent right of appeal to the courts in cases of abuse of authority; that complete separation of the three departments of government is impossible in practice; that the unconstitutionality of a statute must be proved beyond a reasonable doubt; that the amended resolution does not attempt to vest arbitrary discretion and unlimited power in the two boards; that it does not unreasonably discriminate between businesses and signs, nor restrict the conduct of a lawful business or the use of private property; is not in violation of the Constitution; and is not beyond the powers granted the board of county commissioners.

■ On the face of the amended resolution it instantly appears that the county commissioners and the board of adjustment, without any set of standards or limitations,

are permitted to act according to their particular liking for any reason or no reason at all. It would be difficult to find a more direct grant of arbitrary discretion and unlimited power than is here vested, and, of course, the freedom to use such power as it might relate to lawful enterprises and the uses of property, permits uncontrolled regulation and dictatorial powers of commercial and industrial enterprises in the area involved and therefore is repugnant to the Constitution of the United States and that of the State of Colorado. The unlimited power therefore apparent is double-barreled in that it provides the power to grant and equal power to take away or destroy.

Counsel for defendant in error states, "The disputed amendment merely requires that the effect of the installation on the neighborhood in each particular location be studied, and that permission to erect be denied if the installation will adversely affect neighboring use of land, proper urban or non-urban development or the welfare of the area as a whole." To support that statement, counsel must have been reading some other amendment than the one before us, because, interpret the amendment before us as you may, or by the use of any strained qualification thereof, no such requirement is contained therein. Even if it be said that in the joint action of the two boards they would not discriminate between applicants, it cannot be disputed that the power to do so remains. In early decisions of our court which have been followed, we adhered to the proposition that, "The test of the constitutionality of a statute is not what has been done, but what, by its authority, may be done under it." *Ames v. People,* 26 Colo. 83, 56 Pac. 656; *People ex rel. v. Johnson,* 34 Colo. 143, 86 Pac. 233. Considering the amendment in its most favorable light, if it may be said that it was intended that a discretion be exercised according to circumstances, nevertheless, the plain arbitrary power to grant or withhold is present, therefore any discretion that might apparently be given

is subject to the will of the constituents of the boards involved. In light of this situation, curiosity is naturally aroused when it is seen that "signs" are the only commercial structures falling within this unusual procedure. That regulations for signs may be computed in limits of height, length, and other dimensions, should go without further discussion.

■ On the question of the impossibility in actual practice of complete separation of the three branches of government, we find no reason for discussion of that feature involved in the findings of the trial court, and we summarily dispose of that question by saying that such considered impossibility never justifies Constitution violations. We further may observe in the instant case, that chapter 92, S.L. '39, supra, provides a clear formula for all matters involved in this litigation, and by their action, the county commissioners have failed to follow their clear duty in not providing standards concerning signs, but have superseded the administrative officer and have seen fit to dispose of questions of appeal before the board of adjustment by combining that body with themselves, thereby delegating to themselves all of the different functions clearly prescribed and directed by statute to be elsewhere. The provisions of chapter 92, supra, that the county commissioners by resolution "regulate" the size of buildings or structures and the uses of land for trade, industry and other purposes, is a clear grant of power to regulate such matters within reasonable limitations, but certainly does not include any power, express or inherent, to prohibit.

Finally, the danger of the existing amendment herein discussed lies in the fact that there are no uniform rules prescribed, thereby making it possible for arbitrary and capricious discriminations, depending upon no qualifications whatever other than the unrestrained and unregulated arbitrary will of the members of the two boards, and therefore such a provision cannot be upheld.

The judgment is reversed and the cause remanded

with directions to the lower court to reinstate the complaint, enter judgment in accordance with the views herein expressed, and direct that plaintiff's application before the zoning authorities be proceeded with according to the clear terms of the statutory provisions in such cases made and provided.