## No. 25428

Western Paving Construction Co., a Colorado corporation v. The Board of County Commissioners of the County of Boulder, Colorado, and the members thereof, to wit: Wally Toevs, Jack Murphy and George Van Booven; and The Boulder County Planning Commission, and the members thereof, to wit: Richard T. Ekrem, George Baskos, Fran Wright, William K. Cline, and Howard Klemme

(506 P.2d 1230)

Decided March 5, 1973.

78

Hodges, Kerwin, Otten & Weeks, Arthur E. Otten, Jr.,

Richard W. Daily, Caplan & Earnest, Gerald A. Caplan, for plaintiff-appellant.

Martin, Knapple & Johnson, James G. Martin, Helen Garfield, for defendants-appellees.

MR. JUSTICE DAY delivered the opinion of the Court.

Western Paving Construction Co. (hereinafter referred to as Western) has challenged the denial of a proposed special use permit by the Boulder Board of County Commissioners. On appeal to the Boulder district court, the action of the Commissioners was affirmed and the county zoning resolution was declared constitutional. Appeal here is from the district court judgment.

Western is a Colorado corporation engaged in large scale general contracting. In early 1969, appellant purchased approximately 194 acres of land adjacent to the St. Vrain Creek approximately 1.5 miles east of Lyons, Colorado. The purpose of the purchase was to provide a source for the enormous amounts of sand and gravel which appellant utilized in its varied construction activities. Sand and gravel operations are a use of right in the zone in which the property is located except that a special use permit is required in areas subject to flooding. Western made application to the Planning Commission and agreed to all staff recommendations. Whereupon the Planning Commission staff reported its recommendation that "* * * the applicant has clearly met all of our requirements and would, therefore, be entitled to utilize the property as proposed." Contrary to the study, the planning board voted 3-2 to recommend denial. The hearing before the County Commissioners also resulted in a denial. Particularly, the resolution adopted stated in part:

"* * * whereas Docket 476 came before the Board for hearing pursuant to the application, and whereas the Board

finds proper notices have been given, and whereas the Board has reviewed the recommendations of the Boulder County Planning Commission, and the Board has considered the testimony in evidence of the applicant, now, therefore, be it resolved that the Board find that the application presented in Docket 476 would not be consistent or in harmony with the character of surrounding neighborhood, that the same will not promote or otherwise be in the best interest of the health, safety and welfare of Boulder County, and that the said application is hereby denied."

■■■ Initially we dismiss several of appellant's arguments as being without merit. We reverse, however, holding that the denial of the special permit was arbitrary, capricious, and not based on competent evidence.

Under the Boulder county zoning a sand and gravel operation is a permitted use in a district zoned A-Agriculture. However, where such a proposed use is located in an area "subject to flooding," the zoning resolution requires that a special use permit be obtained.

Under Section XV, such a permit may be granted "* * * provided the location of each use is first reviewed by the County Planning Commission, following a public notice and hearing as described in Section XXIV, as to environmental influences related to the intent and purpose of this Resolution, and subject to such conditions and safeguards as may be imposed by the Board to be in harmony with the character of the surrounding neighborhood, to comply with the general purpose of this Resolution, and otherwise to promote the health, safety, and welfare of Boulder County: * * *"

The intent and purpose of these limitations are made intelligible when 1967 Perm. Supp., C.R.S. 1963, 106-2-10, is considered. It is stated therein:

"*Zoning plan.* — (1) * * * to the end that adequate safety may be secured, the county planning commission may include in said zoning plan or plans provisions establishing, regulating, and limiting such uses on or along any storm or floodwater runoff channel or basin as such storm or

floodwater runoff channel or basin has been designated and approved by the Colorado water conservation board in order to lessen or avoid the hazards to persons and damage to property resulting from the accumulation of storm or flood waters."

We do not interpret the zoning resolution permitting the Commissioners to impose conditions and safeguards as intending to serve as grounds for denial of lawful use. Rather, it is intended to give the Board authority to tailor a proposed use to the conditions of the district so as to protect the health, safety and welfare. Any other interpretation runs contrary to the requirement of adequate standards, which was emphasized in *General Outdoor Advertising Co. v. Goodman,* 128 Colo. 344, 262 P.2d 261.

It is uncontradicted that Western and the planning staff together agreed to numerous conditions and safeguards on the proposed industrial operation. Neither the Planning Commission nor the County Commissioners found that any of these conditions were inadequate. Nor did it impose other safeguards. The only objections to application were statements that were not competent or material. Decisions of administrative bodies must be supported by competent evidence. *Marker v. Colorado Springs,* 138 Colo. 485, 336 P.2d 305; *Colorado State Board of Nurse Examiners v. Hohu,* 129 Colo. 195, 268 P.2d 401.

Examining the record and statutes at hand, we consider the denial of the special use permit on the basis that the use "would not be consistent, or in harmony with the character of surrounding neighborhood * * *" to be inherently arbitrary and capricious. It is uncontradicted that the relevant area is one of resource extraction. To suggest that this additional sand and gravel plant would not be in harmony with the neighborhood is to tax credulity.

In addition, when the matter is permitted by right in the zone created and either through an environmental concern or a change of circumstances the use is incompatible with prior usage, the proper procedure is to amend the zoning resolution. The only legal requirements imposed on

Western were met. If the use is permitted within the zone, then it is impossible to not be in harmony. It is apparent from the record that the Board abandoned the proper issues and struck the application on considerations totally outside the scope of proper inquiry.

We think appropriate the language in *Colorado State Board of Nurse Examiners v. Hohu, supra,* wherein we stated: "* * * Courts are not to be impotent, stand idly by, and allow unrestricted exercise of authority by Boards, not granted by statute, or permit the arbitrary and unjustified exercise of discretion."

The judgment is reversed and remanded to the district court with directions to remand the cause to the Board of County Commissioners for further proceedings consonant with this opinion.

MR. JUSTICE KELLEY does not participate.