George S. **REYNOLDS, Individually and as Trustee of the Estate of Dagmar Reynolds and Margaret Reynolds, Plaintiffs-Appellants,**

v.

The **CITY COUNCIL OF the CITY OF LONGMONT, State of Colorado, the City of Longmont, State of Colorado, Defendants-Appellees.**

No. 83CA0369.

Colorado Court of Appeals,
Div. III.

April 26, 1984.

Calkins, Kramer, Grimshaw & Harring, Charles E. Norton, Daniel B. Slattery, Denver, for plaintiffs-appellants.

Ralph S. Josephsohn, City Atty., Longmont, for defendants-appellees.

STERNBERG, Judge.

Following the refusal of the Longmont City Council to approve a subdivision plat, George S. Reynolds, individually and as trustee for the estate of Dagmar and Margaret Reynolds, sought review in the district court pursuant to C.R.C.P. 106(a)(4). The court ruled against him, and Reynolds appeals. We reverse.

Reynolds initially applied to the Longmont Planning and Zoning Commission for approval of a preliminary plat for a proposed subdivision containing 18 single-family lots. He also needed and applied for two exceptions to the subdivision regulations relating to creation of a private road and streets that were narrower than allowed for in the subdivision regulations. The Commission denied Reynold's request.

Reynolds then revised the preliminary plat and applied for approval to the Commission again. In this application a cul-de-sac instead of a through street was created. That cul-de-sac exceeded the 500-foot maximum length permitted in the subdivision regulations so an exception was sought in that regard. Also, exceptions to allow narrower street widths and the platting of a private street were requested. In the face of opposition from adjacent homeowners the Commission again denied the proposals.

Reynolds persisted in seeking approval of this plat and applied to the Longmont City Council. In that application he requested three exceptions to the subdivision regulations: (1) a 520-foot cul-de-sac which exceeded the 500-foot length provided for in the regulations; (2) permission to plat a private street; and (3) street and roadway widths of 32 feet which were less than the required 50 and 36-foot widths prescribed in the subdivision regulations. The City Council modified the third exception to a width of 36 feet and approved all of them.

Reynolds then went back to the Commission to seek approval of a final plat in conformity with the exceptions that had been approved by the City Council. The Commission denied approval.

Reynolds then sought approval of a final plat before the City Council which, under the Longmont ordinances, was vested with final authority in such matters. In presenting the application, the Planning Director stated that Reynolds had complied with all concerns of the Design Review Committee and all of the technical requirements of the subdivision regulations. At that hearing, Reynolds presented the testimony of a traffic engineer who testified that the impact of traffic from this development would be insignificant. Another consultant testified that the proposed drainage would actually improve the drainage situation in the entire neighborhood. Adjacent homeowners, however, expressed concern regarding the impact of the development on traffic and drainage on their neighborhood. A motion was made to approve the plat. There was a tie vote, three to three, and thus, the motion to approve the plat failed. No reasons for disapproval were given.

In his action for review in the nature of certiorari to the district court, and here, Reynolds contends there was no competent evidence to support the City Council's decision, and that the Council had exceeded its jurisdiction. We agree.

It is uncontroverted that Reynold's proposal satisfied all zoning and subdivision regulations: the Planning Director for the city so testified. Exceptions had previously been granted for the three areas in which the plat did not comply with the subdivision regulations as written.

Thus, the question becomes whether a city council may deny approval of a subdivision plat that meets all requirements and standards of the subdivision regulations. To state the question should be to answer it. No such unfettered authority exists. Such has long been the law in zoning cases. *See, e.g., Western Paving Construction Co. v. Board of County Commissioners,* 181 Colo. 77, 506 P.2d 1230 (1973), *Sherman v. City of Colorado Springs,* 680 P.2d 1302 (Colo.App.1983).

In exercising its authority over subdivision plats the City Council was operating in a quasi-judicial, not a legislative manner. *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975); *Sherman v. City of Colorado Springs, supra.*

In *RK Development Corp. v. City of Norwalk,* 156 Conn. 369, 242 A.2d 781 (1968), in overturning a city council's refusal to approve a plat, the Connecticut Supreme Court noted that the reason given for disapproval was vague and "provided no information to the [developer] to enable it to know wherein the plan submitted failed to satisfy the requirements of the regulations." The court went on to state:

"Certainly if the plan had failed in any respect to conform to the regulations, it was the duty and obligation of the council to so indicate. This it failed to do. The council cannot, in utter disregard of the regulations, disapprove the plan for a reason it would not be required to apply to all applications for planned residential developments as to which the same reason obtained. It would amount to substitution of the pure discretion of the council for a discretion controlled by fixed standards applying to all cases of a like nature. It would deprive the [developer] of its property without due process of law."

These words are particularly appropriate here.

The judgment is reversed and the cause is remanded to the district court with directions that it in turn remand the case to the Longmont City Council with directions to approve the final subdivision plat.

VAN CISE, and METZGER, JJ., concur.