SECURCARE SELF STORAGE, INC., a Colorado corporation and Amoco Oil Company, a Maryland corporation, Plaintiffs–Appellees,

v.

CITY OF COLORADO SPRINGS, a Colorado municipal corporation; and the City of Colorado Springs Planning Commission; and the City Council of the City of Colorado Springs, Defendants–Appellants.

No. 97CA1670.

Colorado Court of Appeals, Div. III.

Dec. 10, 1998.

Rehearing Denied Feb. 11, 1999.

Certiorari Granted Oct. 18, 1999.

Deutsch, Spillane & Reutzel, P.C., John M. Spillane, Denver, Colorado, for, Plaintiffs–Appellees.

Patricia K. Kelly, City Attorney, Steven K. Hook, Assistant City Attorney, Litigation Office of the City Attorney, Colorado Springs, Colorado, for Defendants–Appellants.

Opinion by Judge JONES.

Defendants, the City of Colorado Springs, the City of Colorado Springs Planning Commission (Planning Commission), and the City Council of the City of Colorado Springs (City Council), appeal the trial court judgment in favor of plaintiffs, SecurCare Self Storage Inc. (SecurCare) and Amoco Oil Company (Amoco). We affirm.

SecurCare owns approximately 4.4 undeveloped acres located in Colorado Springs.

Since 1972, pursuant to the Colorado Springs' Zoning Code (Code), this property has been zoned PBC, Planned Business Center. According to the Code, a development plan must be submitted and approved before a building permit will be issued.

Accordingly, SecurCare submitted a development plan for approval in April of 1996. The plan provided for mini-warehouse units on the entire 4.4 acres, a permitted use in the PBC zone. The plan was approved in July 1996.

Subsequently, however, SecurCare entered into an agreement with Amoco in which Amoco agreed to purchase one acre of the subject property for the purpose of constructing a service station, enclosed car wash, and convenience store. SecurCare and Amoco then sought to amend the development plan to incorporate Amoco's proposed uses on the one-acre site.

The additional uses proposed by plaintiffs are expressly designated in the Code as "permitted uses" in a PBC zoned district. However, the Planning Commission rejected plaintiffs' amended development plan on the ground that, under general plan review criteria, the uses proposed by Amoco were considered incompatible with the surrounding neighborhood. On appeal to the City Council, the plan was again rejected on the same ground.

Plaintiffs then brought an action in the district court under C.R.C.P. 106(a)(4), seeking review of the decisions of the Planning Commission and City Council, and including other claims that were later bifurcated. The district court found that the actions of the Planning Commission and City Council, in denying permitted uses, were arbitrary and capricious and constituted an illegal attempt to rezone the property.

■ The sole issue on appeal is whether the trial court erred in concluding that defendants may not deny a use expressly permitted in a zone district on the grounds that the proposed use is incompatible with the surrounding neighborhood. We find no error in the trial court's conclusion.

■ A reviewing court may not substitute its judgment for that of a zoning board or disturb an exercise of such board's discretion in zoning matters unless the board has clearly abused its discretion. *Board of County Commissioners v. O'Dell,* 920 P.2d 48 (Colo. 1996).

854 ■

Defendants denied plaintiff's development plan pursuant to Code §4–6–602(C). This provision sets forth the review criteria by which each development plan is reviewed, and includes the consideration of whether the proposed land uses will be compatible with the surrounding neighborhood as one criterion.

Contrary to defendant's arguments, we do not interpret this section of the Code as a grant of authority allowing the Planning Commission to deny a permitted use on the ground that it is incompatible with the surrounding neighborhood. Rather, we construe the Code in favor of plaintiffs' right to an unobstructed use of their property as long as such use is consistent with the provisions of the Code. *See Kiefer v. Luhnow,* 491 P.2d 100 (Colo.App.1971)(not selected for official publication).

We are guided by the principle, set forth in *Sherman v. City of Colorado Springs Planning Commission,* 680 P.2d 1302 (Colo.App. 1983), that by allowing a use by right, the zoning body limits its discretion in denying that use. In *Sherman,* the court stated that, once a zoning body has determined that the health, safety, and general welfare are best promoted by zoning land for a particular use, it may not, thereafter, attempt to reserve to itself the discretion to decide which of the complying land uses will be permitted. In other words, once the zoning body has found that a particular use is compatible with the surrounding land uses and designates the use as "permitted," the zoning body is implicitly stating that the use is harmonious with the surrounding neighborhoods. *See Western Paving Construction Co. v. Board of County Commissioners,* 181 Colo. 77, 82, 506 P.2d 1230, 1232 (1973)("If the use is permitted within the zone, it is impossible not to be in harmony" with the surrounding neighborhood).

Therefore, we agree with the trial court that this section of the Code may not be relied on as a basis for denying a permitted use that is otherwise in compliance with the Code's requirements. Rather, as the trial court found here, the review criteria may only be used to guide a zoning body as to ways it may tailor a proposed use to protect the health, safety, and welfare of the surrounding area.

To interpret the section otherwise, as defendants suggest, would be inconsistent with the Code's intent to distinguish between permitted uses and conditional uses. Code §4–8–801 sets forth the distinction between these two types of uses as follows:

The development and administration of a comprehensive zoning ordinance is based upon the division of the City into zone districts within which districts the use of land and buildings and the bulk and position of buildings and structures in relation to the land are relatively uniform. However, it is recognized that there are occasions when in addition to the principal permitted uses, special uses, because of unique operating and/or physical characteristics and unique proposed locations, may be allowed after careful consideration and public review of their impact upon the neighborhood and the public facilities surrounding the proposed location. These uses shall be referred to as Conditional Uses.

In addition, unlike the approval requirements for a permitted use, Code §4–8–804(A) provides that a conditional use will only be approved if "the value and qualities of the neighborhood surrounding the conditional use are not substantially injured."

Yet, if the zoning body were to impose the same requirement for approval of a permitted use by relying on the review criteria, as defendants suggest, the distinction between the two types of uses would be eliminated. We, therefore, decline to interpret the Code in a manner that would render this distinction superfluous. *See Cherry Hills Resort Development Co. v. City of Cherry Hills Village,* 790 P.2d 827 (Colo.1990).

Accordingly, the trial court was correct in its findings and conclusions that defendants acted arbitrarily and capriciously in denying plaintiffs' development plan on the ground that the permitted uses are not compatible with the surrounding neighborhood.

The judgment is affirmed.

Judge DAVIDSON and Judge RULAND concur.